NORTHWESTERN STOVE REPAIR COMPANY, Respondent, v. B. M. CORNWALL et al., Appellants.

St. Louis Court of Appeals. Argued and Submitted May 3, 1910. Opinion Filed May 17, 1910.

1. PLEADING: Discretion of Trial Court: Allowing Amendments: Appellate Practice. The trial court has a sound discretion in allowing amended pleadings to be filed or pleadings to be withdrawn, down to the time of judgment and even thereafter, under the Statute of Jeofails, in furtherance of justice, etc.; and the appellate court will not interfere with the exercise of this discretion, unless it appear to have been unwisely exercised.

2. APPELLATE PRACTICE: Review of Trial Court's Discretion in Allowing Amendments: Pleading: Trial Practice. An amended pleading must present a good cause of action or a substantial defense, to entitle it to be filed; and hence where it is sought to have the discretion of the trial court in refusing to allow an amended pleading to be filed reviewed, it must appear to the appellate court that the pleading tendered presented a substantial cause of action or a substantial defense.

3. ——: ——: **Preservation for Review: Bill of Exceptions.** Where a proposed amended answer was stricken from the files, error in refusing it cannot be reviewed unless it is called for by or contained in the bill of exceptions.

4. ——: ——: ——: **Record Proper.** An amended answer which was stricken from the files is not a part of the record proper on appeal, even though the clerk or counsel copied it into such record.

5. **CORPORATIONS: Pleading: Denial of Corporate Existence.** Where the due incorporation of a foreign corporate plaintiff was not denied by defendant under oath, its incorporation was admitted.

6. **TRIAL PRACTICE: Reception of Evidence: Offers of Proof: General Offer.** A general offer of testimony on certain questions is bad practice as liable to lead to confusion, and the court may and should refuse such offers and require the introduction of the witnesses themselves, so that the line of proof may be determined from the questions asked and thus permit intelligent rulings on the evidence; and hence defendant's offers of proof were properly refused, where he announced that he did not have the witnesses present to testify in support of the answer, but would secure them in a few moments.

7. **PLEADING: Amendments: Time.** That an amended answer was tendered on the day the case was set and called for trial was not ground for refusing it.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*E. N. Robinson* and *S. C. Rogers* for appellants.

(1) The court erred in striking from the files the amended answer of defendants filed November 9, 1908. Because the motion was not in writing. Sec. 640, R. S. 1899. (2) The court erred in refusing to permit defendants to file their amended answer on November 11, 1908. Because the answer offered shows a meritorious defense, and because it should be the policy of the law to try causes on their merits, and because it was an abuse of discretion by the court. Cooney v. Murdock,

54 Mo. 349; Howell v. Stewart, 54 Mo. 400; Tucker v. St. Life Ins. Co., 63 Mo. 588; Simon v. Ryan, 101 Mo. App. 16. Rule is to allow amendments rather than refuse them and should be liberally allowed in furtherance of justice. Corrigan v. Brady, 38 Mo. App. 649; Carr v. Moss, 87 Mo. 447; Anderson, Admr., v. Hance, 49 Mo. 159. (3) The court erred in refusing to permit defendants to introduce proof proffered at trial. Because these defendants were not in court of their own volition, nor were they willing parties, and the court should have permitted them to make such defense as they had. Kenefick-Hammond Co. v. Fire Ins. Society, 205 Mo. 294.

*Rassieur, Kammerer & Rassieur* for respondent.

(1) A bill of exceptions not filed until after the expiration of the time allowed by the order of court, will not be considered on appeal. Girdner v. Bryan, 94 Mo. App. 27; Linahan v. Barley, 124 Mo. 560; Hesse v. Ins. Co., 115 Mo. App. 89; Loewen v. Hicks, 63 Mo. App. 79. (2) (a) The so-called amended answer having been stricken from the files as improperly tendered and filed in the cause, did not become a part of the record proper, and has no place in the abstract of the record. (b) The motion of appellants for leave to file an amended answer and the court's action thereon were matters of exception, which must appear by the bill of exceptions; and if the bill of exceptions fails to show in what particulars appellants desired to amend, that omission cannot be supplied by reference to a motion or other matters improperly set out in the abstract of the record. Howell v. Stewart, 54 Mo. 400; Jefferson City v. Opel, 67 Mo. 394; Ober v. Railroad, 13 Mo. App. 81; Bank v. Finks, 40 Mo. App. 367. (c) Since it does not appear from the bill of exceptions that the proposed amended answer contained matters of merit, this court will not review the action of the trial court in refusing to allow the

amendment.    Howell v. Stewart, 54 Mo. 400; Cashman
v. Anderson, 26 Mo. 67; Ober v. Railroad, 13 Mo. App.
81.    (3)    (a) The matter of permitting amendments of
pleadings is, to a large extent, discretionary with the
trial court.    Ensworth v. Barton, 67 Mo. 622; Clark
v. Railroad, 127 Mo. 255; Mfg. Co. v. Givens, 35 Mo.
App. 602; Dallam v. Bowman, 16 Mo. 225.    (b)    And
the action of the trial court in refusing permission to
amend, will not be interfered with by an appellate
court, unless it clearly appears that the discretion of
the trial judge was arbitrarily and unjustly exercised.
Cullum v. Cundiff, 20 Mo. 522; Ensworth v. Barton,
67 Mo. 622; Cashman v. Anderson, 26 Mo. 67.    (c)    It
was not an abuse of discretion to refuse to permit an
amended answer, which set up an entirely new defense,
to be filed on the day of trial.    Cullum v. Cundiff, 20
Mo. 522; Bank v. Goldsoll, 8 Mo. App. 595; Cashman
v. Anderson, 26 Mo. 67.

REYNOLDS, P. J.—Action on three promissory
notes alleged to have been made by the defendants, now
held and owned by plaintiff, the notes dated at St. Louis.
The first answer of the defendants set up lack of knowl-
edge as to whether the plaintiff is incorporated under
the laws of the state of Illinois, as claimed, and for lack
of knowledge defendants say that they deny the in-
corporation.    As a further answer it is averred that the
notes sued on were part of the purchase price of the
business surrendered to plaintiff by one of the defend-
ants and which business plaintiff has ever since retained
but has failed to surrender the notes, this part of the
answer concluding, "now defendants deny obligation on
same."    By the second paragraph of this answer, it is
alleged that the indebtedness evidenced by the notes
was a matter of account between plaintiff    and    one
Robert Aiken, one of the defendants, and that on a date
named *plaintiff* claimed by a specific statement that *he*
(Aiken) at that time *was indebted to defendants* in the

specific sum of $2485.16, and that all other matters had been adjusted and they therefore deny any indebtedness or obligation on the notes in suit, "and not knowing and not having means of information on the subject and wishing to throw plaintiffs upon their proof, so as the true business status or obligations of defendants, if any, to plaintiffs may be ascertained." Following this is a denial of each and every allegation in the petition. This answer had no verification of the plea of no incorporation. A general denial by way of reply was filed. It appears that on the 9th of November, 1908, the attorneys for the defendant served a copy of an amended answer on one of the counsel for the plaintiff, and this answer appears to have been filed with the clerk of the court. But on the 11th of November, 1908, and the day that the case was set and called for trial, as it appears, the court, on motion of attorneys for plaintiff, struck this amended answer from the files, the bill of exceptions stating that this action of the court in striking it from the files was because the filing of the amended answer "was a voluntary amendment not required by any former ruling of the court," and that the answer had not in fact been filed by leave of court, although so recited therein. Thereupon the defendants presented to the court this same amended answer which had been stricken from the files and asked leave to file it. The court, after consideration of the motion, refused leave to file the amended answer for the reason as stated, that it was tendered on the day when the case was set down and called for trial. Defendants duly excepted to these rulings of the court. The case was thereupon and on the succeeding day again called for trial. A jury having been waived, evidence in the case was submitted to the court sitting as a jury, plaintiff offering the three notes sued on in evidence with the credits endorsed thereon and resting. Whereupon the defendants to maintain the issues upon their part, as is set out in the bill of

148 App—39

exceptions, "Now offer to prove that the consideration of these notes upon which suit is brought herein was a sale of goods in this city to the defendants in this case, but that at the time of said sale and for a number of years prior thereto the plaintiff maintained an office and store in the city of St. Louis, Missouri, for the transaction of business in this State; that plaintiff is a foreign corporation, and that plaintiff did not, either prior to the sale of the stock of goods to defendants in this case or subsequent thereto, comply with the laws of Missouri with respect to foreign corporations doing business in this State; and that plaintiff did not at the time of said sale have a license from the Secretary of State to do business in the State of Missouri and paid no taxes during this period.

"We offer to prove that the actual consideration of these notes is the sale mentioned above to the defendants while plaintiff maintained an office in this State, and that the Missouri law above mentioned had not been complied with."

This was objected to by counsel for plaintiff on the ground that no issue is made by the answer before the court to which this testimony would be relevant and it was objected to as irrelevant, incompetent and immaterial. The court then said: "Do I understand from the defendants that they have present in court other witnesses and other competent evidence to prove these facts?" Whereupon counsel for the defendant said: "We can get them here in a few minutes. We submit an offer of proof. The witnesses are not actually in the court room, but we can bring them here in a few minutes." The court thereupon sustained the objection, defendants duly excepting, and this being all the evidence in the case found and rendered judgment for the plaintiff in the amount sued for, less credits. Defendants in due time filed a motion in arrest and for a new trial, which being overruled, they have brought the case here on appeal, having filed a bill of exceptions.

Stove Repair Co. v. Cornwall.

It is hardly necessary to remark that from the earliest decisions of our Supreme Court it has been held that the court should exercise its discretion in the most favorable and lenient way toward parties litigant, to enable them to have their cases properly in court.   A sound discretion is recognized as existing in the trial judge in allowing amended pleadings to be filed or in withdrawing pleadings, down to the very instant of judgment, and under the Statute of Jeofails, even after judgment, in furtherance of justice, or to conform the pleadings to the proof, or to sustain the judgment.   The exercise of this discretion in either granting or refusing such leave is rarely interfered with by  the  appellate courts.   To authorize the appellate court to interfere it must appear that the discretion was unwisely exercised.   It has, however, been universally held that the pleading tendered must present a good cause of action or a substantial defense before it should be allowed to be filed.   To the exercise of the power of review of the discretion of the trial courts by the appellate courts, it must always appear to the latter that the pleading tendered did present a substantial cause of action or a substantial defense. This necessarily involves an examination by the appellate court of the pleading tendered and offered to be filed.   We are precluded in the case at bar from passing on this matter one way or the other for the reason that the bill of exceptions does not call for nor contain the amended answer tendered.   Therefore that answer is not before us in any legal, lawful sense.   It is true that in the abstract of the record produced before us that amended answer is copied  into  the  record proper.   The trouble with that, however, is, that it is a fundamental one, that that amended  answer,  having been stricken from the files, was no longer a paper of record.   The fact that the clerk or counsel have copied it into the record proper as if a part thereof, does not make it of the record.   The bill of exceptions, the record proper  even,  shows it was stricken from the files and

from the record. It could then only come before us for review by being called for in the bill of exceptions and with the filing of that bill of exceptions become of record. As that was not done in this case, it is not before us. We cannot therefore determine the question as to whether it presented a substantial, valid, available defense to the cause of action stated in the petition. As will be noted by the statement, the case went to trial on the original answer. That is the only answer we can consider and we have set out the substance of that answer. The defenses there set up were all affirmative defenses. Even the incorporation of the plaintiff stood admitted for there was no denial of incorporation under oath. When the defendants were called on to produce their proof in support of their allegations in the answer, which was the only one on file or before the court, they announced that they had not their witnesses present but would secure them in a few moments. The court, as it had a perfect right to do, refused to accept offers of making proof in the absence of witnesses, undoubtedly holding to the rule that parties should put their witnesses upon the stand, ask their questions and enable the court to rule on the admissibility of the evidence as it was offered—a matter entirely within the power of the court, in fact, the only orderly way for a court to proceed. A general offer of testimony along certain lines too often leads to confusion and it is a practice not to be encouraged. It is entirely within its power and the better practice for the trial court to refuse such general offers and to require the introduction of witnesses, so that with the witnesses present and the questions asked indicating the line of proof about to be followed, the court can intelligently rule upon the testimony as offered. In this case nothing appears but the offer, at a future time, whether a few minutes or a few hours or a few days, is immaterial, to produce witnesses, unnamed and not then present, to testify, to answer unasked questions. All witnesses should have been in

court, on any possible theory, ready to testify in the case. If it be said that defendant could not anticipate that the court would strike out the answer tendered as an amended answer or would refuse leave to file it, the answer to this is that however that might have been, if the answer as amended had stood, the case was for trial on that day and with one exception the answer, as we gather from that published with the record, set up the same matters that were in the one on which the case went to trial. It is apparent that even that answer called for proof, and it appears by the record and bill of exceptions in this case that the defendants were in court without any witnesses whatever and without preparation to prove the affirmative allegations in either answer. We gather from the question of the court as to the presence of witnesses, that if they had been there present, if, in short, defendants had shown that they were, in good faith, ready to go into the trial, the court would have allowed any amendment that would have been necessary. But defendants, although going to trial, having waived a jury, produced no witnesses and no evidence. To avoid misapprehension, we add that the reason assigned by the learned trial judge for refusal of leave to file the amended answer, namely, "that it was tendered on the day when the case was set down and called for trial," is not a valid reason. If we had the paper tendered as an amended answer before us, so that we could determine whether it pleaded a substantial defense, we would be compelled to reverse the judgment, if on inspection that paper was found to set up such defense. But as the answer tendered is not before us, so that we can examine it, we are precluded from that course. In the state of this record before us, we hold that the defendants have lost their day in court by their own negligence and that the action of the circuit court in the premises must be and it is accordingly affirmed. All concur.