STATE of Missouri, Plaintiff–
Respondent,

v.

James K. HURTT, Defendant–Appellant.

James K. HURTT, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17140, 17550.

Missouri Court of Appeals,
Southern District,
Division Two.

July 9, 1992.

Motion for Rehearing or Transfer to
Supreme Court Denied
July 31, 1992.

Raymond L. Legg, Columbia, for defendant-appellant, movant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent, respondent-respondent.

MAUS, Judge.

A jury found defendant, James K. Hurtt, guilty of assault in the first degree, § 565.-050, and armed criminal action, § 571.015. The trial court found him to be a prior and persistent offender and class X offender and as such sentenced him to imprisonment for thirty years on the assault conviction and ten years on the armed criminal action conviction. Hurtt filed a motion for postconviction relief which was denied. His appeal from the convictions of assault and armed criminal action has been consolidated with his appeal from the denial of his postconviction motion. Viewing the evidence favorably to the verdicts, *State v. Mallett,* 732 S.W.2d 527 (Mo. banc 1987), the following is a summary of the facts.

On April 25, 1990, Roxann Sarduk offered defendant a ride home after he was kicked out of Dixie Lee's bar in Joplin. Defendant and Roxann had not met before this time. Defendant gave Roxann $2.00 for gas, so she stopped at a 7-Eleven to get gas. While Roxann was pumping the gas, she saw defendant looking through her makeup bag. She saw him take her wallet out of the console of her car and place the wallet in her makeup bag. At defendant's request, Roxann took him to the "Pub Bar". She returned to Dixie Lee's where she realized her wallet and makeup bag were gone. She then, along with her friend, Mike Streight, went to find defendant so she could get her makeup bag and wallet back. Since defendant had told Roxann he lived at 4th and Conner, Mike and Roxann went to the apartments located there. As she entered the apartment building, Roxann heard hollering from an upstairs apartment. She went to that apartment. The door was open and Roxann saw her makeup bag inside. The defendant, his wife, his mother and stepfather were in that apartment. Roxann entered the apartment and grabbed her makeup bag. Mike

Streight stood outside the door. Roxann and defendant had a tug-of-war over the makeup bag. Mike entered the apartment, grabbed Roxann and tried to pull her out of the apartment. At that point, defendant produced a knife and stabbed Mike in the back. The wound in the right back was about two and one-half inches long. The wound in the left back was about three inches long. One of those wounds penetrated the lung cavity. The two men fought in the apartment and defendant stabbed Mike in the neck. The neck wound punctured the trachea. Mike and Roxann ran out of the apartment and defendant followed. Defendant chased Mike with the knife in the parking area. A neighbor had called the police over the disturbance. The police arrived and arrested defendant.

Defendant testified that he stabbed Mike only in self-defense. Defendant said that when he got out of a chair Mike hit him. He fell to the floor. Roxann was behind him and also fell to the floor. He explained:

"A. Well, I fell on top of her, she grabbed my arms, I was laying [sic] on her on my back, she was on her back, she was holding my arms so I couldn't fight back. Streight was on top of me hitting me, he had a belt wrapped around his hand hitting me with a belt buckle on my face and on my wrists."

He freed one arm. He picked up a steak knife which was lying on the floor and stabbed Mike. Mike knocked the knife out of his hand. His testimony also included the following:

"Q. And you followed him on out and down the hall and out the back porch and the back end of the back, kept fighting with him with no weapon is what you say; right?

A. Yeah."

Defendant's wife and mother, in general, testified to the same effect.

◼ Defendant's first point relied on is:

"The trial court clearly abused its discretion in sustaining the state's objection and not allowing appellant to cross-examine state's witness Michael Streight concerning the conditions of Streight's pro-

bation status because appellant was denied his right to confrontation and due process of law ... in that the line of questioning was relevant to the issue of Streight's bias and prejudice as well as his motive to lie."

That point has the following background during the cross-examination of Michael Streight.

"Q. You in fact were on probation April 26th of this year; correct?

A. Yeah.

Q. Was Mike Brown your probation officer?

A. Yes.

MR. SCOTT: Judge, I object to the relevancy.

THE COURT: That will be sustained.

MR. SKOUBY: Judge, could we approach the bench on that?

[Counsel approached the bench and the following proceedings were had out of the hearing of the jury.]

MR. SKOUBY: Is the objection to the Mike Brown question, or just this whole line of questioning?

THE COURT: The objection is on the basis of relevancy, which was sustained. The attorney may ask a question on cross-examination regarding whether the man has a prior conviction. He said he had a prior conviction, the details of that conviction are not relevant.

MR. SKOUBY: Judge, the fact that he's on probation, I think is relevant, it gives him a reason to lie. If he's on probation for DWI, he shouldn't be drinking, he shouldn't be in a bar.

THE COURT: That doesn't go to any issue in this case. The objection is sustained.

[The proceedings return to open court.]"

◼ The state contends the point presents nothing for review because defendant did not make an offer of proof of the evidence he claims the trial court erroneously excluded. It is well settled law that "[w]hen an objection is sustained to proffered evidence, the party offering the evidence must show its materiality and relevancy by way of an offer of proof in order

to preserve the matter for appellate review." *State v. Clay*, 763 S.W.2d 265, 270 (Mo.App.1988). The criteria for determining the sufficiency of an offer of proof are equally well established.

"When an objection is sustained to proffered evidence, the party offering the evidence must demonstrate its relevancy and materiality by way of an offer of proof in order to preserve the matter for appellate review. *State v. Brown*, 604 S.W.2d 10, 16 (Mo.App.1980). The offer of proof must state facts which are specific and sufficient in detail to establish the admissibility of the evidence sought to be introduced. *State v. Umfrees*, 433 S.W.2d 284, 286 (Mo. banc 1968). Mere statements and conclusions of counsel are not sufficient. *Kinzel v. West Park Investment Corp.*, 330 S.W.2d 792, 796 (Mo.1959); *Duncan v. Price*, 620 S.W.2d 70, 71 (Mo.App.1981); *Hawkins v. Whittenberg*, 587 S.W.2d 358, 363 (Mo.App.1979).

'It has long been the rule in this state that the proper procedure to present and preserve such an offer is to have the witnesses present; put them on the stand; propound the questions; and thus enable the trial court to intelligently rule upon, and an appellate court to review, the propriety and admissibility of the evidence sought to be elicited, *Northwestern Stove Repair Co. v. Cornwall*, 148 Mo.App. 605, 128 S.W. 535, 537[6] (1910); *Bowe v. Kehr*, 345 S.W.2d 224, 227[3] (Mo.1961).'

*State v. Sullivan*, 553 S.W.2d 510, 513 (Mo.App.1977). *See also Tennis v. General Motors Corp.*, 625 S.W.2d 218, 235 (Mo.App.1981); *In Re Marriage of H.B.*, 559 S.W.2d 73, 75 (Mo.App.1977).

Although an offer of proof in question and answer form is preferable, this rule is not ironclad. An offer may be in narrative form so long as the offer is definite, is specific, is not mere conclusions of counsel, and *sets out sufficient facts* to demonstrate the admissibility of the evidence. *McMillin v. McMillin*, 633 S.W.2d 223, 225 (Mo.App.1982). *See Stipp v. Tsutomi Karasawa*, 318 S.W.2d 172, 175 (Mo.1958). When a party fails

to provide the offer in question and answer form, the risk is present that a reviewing court will find the offer insufficient. *Stapleton v. Griewe*, 602 S.W.2d 810, 813 (Mo.App.1980)." *State v. Dixon*, 655 S.W.2d 547, 557 (Mo.App.1983), cert. denied, 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984). (Emphasis added.)

Also see *State v. Townsend*, 737 S.W.2d 191 (Mo. banc 1987).

Defendant's counsel was permitted to show Streight was on probation. An objection was sustained concerning the relevancy of who was defendant's probation officer. Defendant's counsel then stated:

"MR. SKOUBY: Judge, the fact that he's on probation, I think is relevant, it gives him a reason to lie. If he's on probation for DWI, he shouldn't be drinking, he shouldn't be in a bar."

This remark to the court utterly fails to meet the criteria for an offer of proof. That remark could be construed as an argument that could be made from a fact already in evidence. In no way did counsel state *facts* sufficient "to demonstrate the admissibility of the evidence". *State v. Dixon*, supra, 655 S.W.2d at 557. The inadequacy of the offer of proof is demonstrated by defendant's first point on appeal. By that point, he complains that he was not permitted to cross-examine "concerning the conditions of Streight's probation status". Defendant's counsel did not, by any question or by any statement of facts, refer to the conditions of Streight's probation. He made no offer to prove those conditions. Having made no offer to prove the evidence referred to in his first point, defendant's point has no merit and is denied.

■ Defendant's second point relates to the postconviction proceeding upon his amended motion under Rule 29.15. That point is that the motion court erred because defendant received ineffective assistance of counsel when counsel failed to call his stepfather, William Comfort, to testify on defendant's behalf. To support his version of the facts and his claim of self-defense, the defendant at trial called as witnesses his wife and his mother. Defense counsel had

interviewed William Comfort. At defense counsel's request, William Comfort was present at the trial to testify if called as a witness. Defense counsel did not do so. He explained that he did not call Comfort because his testimony would have been cumulative to that of the wife's and the mother's and there was the possibility on cross-examination of the development of conflicting stories.

The wisdom of defense counsel's decision was demonstrated by the evasive and conflicting nature of William Comfort's testimony at the motion hearing. Examples of his testimony that would have been inconsistent with facts otherwise established were that he never saw a knife and never saw Streight bleeding.

The standard by which a defendant's complaint about counsel's failure to call a witness is measured has been succinctly stated.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, and (2) the prisoner was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The prisoner bears the burden of proving his grounds for relief by a preponderance of the evidence. Rule 29.15(h); *Clemmons v. State*, 795 S.W.2d 414, 416[2] (Mo.App. 1990), *cert. denied*, — U.S. —, 111 S.Ct. 1689, 114 L.Ed.2d 83 (1991). There is no ineffective assistance where the lawyer's conduct involves reasonable discretion in trial strategy, and it is the exceptional case where a court will hold a strategic choice unsound. *State v. White*, 798 S.W.2d 694, 698[9] (Mo. banc 1990)." *Carr v. State*, 819 S.W.2d 84, 89 (Mo.App.1991).

"Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j).

The motion court found:

"4. The criticism of the trial attorney for the failure to call as a witness the stepfather of the Movant is without merit in that it was shown at hearing that this was done to minimize the possibility of inserting inconsistent testimony with a cumulative witness. This appears to be wise trial strategy for which the trial counsel should be commended and not criticized. The choice of who to call as witnesses falls clearly within the realm of trial strategy and the Movant in this case has not overcome the strong presumption that the strategy was reasonable. *State v. Fraction*, 782 S.W.2d 764, 770 (Mo.App.1989)."

The finding of the motion court that defense counsel's decision not to call Comfort as a witness was reasonable trial strategy is supported by the evidence and is not erroneous. Defendant's second point is denied.

■ By his last point, defendant would extend the Fifth and Sixth Amendments to the Constitution of the United States to absurd limits. That point is:

"The motion court clearly erred in denying appellant's motion for postconviction relief pursuant to Rule 29.15 because the motion court used movant's responses to the trial court's improper examination of movant to deny him relief, violating appellant's right to counsel at all critical stages of proceedings against him, his right to effective assistance of counsel, and his right to remain silent, in derogation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 18(a) and 19 of the Missouri Constitution."

He is referring to defendant's responses to the trial court's examination of defendant "as to the assistance of counsel received by the defendant" as required by Rule 29.-07(b)(4). In his brief, defendant isolates one question and answer by which defendant replied that he had no complaints with his representation. The following presents a more objective view of that examination.

"Q. In your opinion, did these two gentlemen, in particular Mr. Skouby who handled your case primarily, did he do everything you asked him to do?

A. I believe he did.

Q. Did he refuse to do anything you asked him to do, that you know of?

A. No.

Q. Do you have any complaint, criticism at all you would like to offer with regard to his representation?

A. No."

"The Fifth Amendment, in relevant part, provides that no person 'shall be compelled in any criminal case to be a witness against himself.' It has long been held that this prohibition not only permits a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.' *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973)." *Minnesota v. Murphy*, 465 U.S. 420, 426, 104 S.Ct. 1136, 1141, 79 L.Ed.2d 409, 418 (1984). The motion court's inquiry did not compel defendant "to testify against himself at a criminal trial". The criminal case was over. Nor would the inquiry and response tend to incriminate defendant by disclosing a fact or facts constituting a link in the chain of evidence sufficient to convict defendant in future criminal proceedings. *Hoffman v. United States*, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); *State v. Wilkinson*, 606 S.W.2d 632 (Mo. banc 1980). The inquiry and response did not violate the Fifth Amendment.

■ Nor did the action of the trial court breach the Sixth Amendment as defendant contends. The relevant portion of that amendment provides: "In all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defence." He did have. The inquiry prescribed by Rule 29.07(b)(4) is to assist defendant in providing a remedy if that assistance has been ineffective. That inquiry did not make defendant's response a measure by which the effectiveness of his counsel was determined, which would be contrary to the authority of *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), cited by defendant. The inquiry was to establish facts so the trial court could make the determination required by Rule 29.07(b)(4). The motion court did not, as defendant states in his point and argument, use a finding "that, because appellant had failed to complain about counsel's failure to call Comfort at the 29.07 hearing, he could not now 'be ... heard to complain to the contrary' " to deny his motion. This contention is a distortion of the record.

■ The motion court did make extensive, thorough and sagacious findings of fact and conclusions of law. The latter included the following.

"A defendant who repeatedly tells the Court that he has no complaints or criticism of his trial counsel should not be later heard to claim to the contrary. *Cramlett v. State*, 800 S.W.2d 813, 814 (Mo.App.1990). If that were not the law, there would be no point in Supreme Court Rule 29.07(b)(4) which requires the trial court to conduct an examination of the defendant under oath and on the record and then make a determination as to whether there was probable cause to believe the defendant received ineffective assistance of counsel."

A motion court may properly consider a defendant's factual representations during such an examination in considering his subsequent testimony to the contrary. At the motion hearing, defendant testified that during the trial he was aware Comfort was not called as a witness and that he did not question or admonish counsel. His testimony at the Rule 29.07 inquiry that he had no complaints about or criticism of his counsel does not per se establish counsel's decision not to call Comfort was reasonable trial strategy. However, that testimony is relevant to establish that contrary to defendant's motion and testimony at the motion hearing, counsel, in making that strategic decision, considered defendant's information and did not act contrary to defendant's direction. As more fully stated above, the

motion court properly determined defendant's counsel's decision was reasonable trial strategy. Defendant's last point is denied.

The judgment of the motion court denying his motion under Rule 29.15 is affirmed. The judgment of the trial court sentencing him to imprisonment for thirty years for assault and ten years for armed criminal action, to run consecutively, and consecutively with the judgment and sentence in Jasper County Case Number CR 489–901FX, is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.