Ronald **LIEBECK**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 20112.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 16, 1995.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joseph S. Lawder, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Pursuant to a plea agreement, Appellant, Ronald Liebeck, pled guilty to forcible sodomy, § 566.060, RSMo Cum.Supp.1993, and received a ten-year prison sentence.[1] He subsequently filed a timely motion to vacate the conviction and sentence per Rule 24.035.[2] The motion court entered findings of fact and conclusions of law, and denied relief without an evidentiary hearing.

Appellant brings this appeal from that order. His sole point relied on reads:

"The motion court clearly erred in denying Appellant's Rule 24.035 motion without granting an evidentiary hearing ... because the motion court improperly used Appellant's responses to the 29.07 inquiry at sentencing to deny him relief. Such reliance violated his right to counsel at all critical stages of the proceedings against him and his right to effective assistance of counsel, in derogation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 18(a) of the Missouri Constitution."

The point does not identify the "responses" by Appellant which the motion court allegedly "used" to deny relief. Consequently, we have sifted the argument following the point in quest of a clue about the responses to which Appellant refers. We espy this:

"Appellant's motion alleged that he received ineffective assistance of counsel in that counsel failed to request a DNA analysis. This allegation presents a situation warranting relief under Rule 24.035[.]"

Appellant's pro se motion to vacate contained the following reference to "DNA":

"Assign [sic] counsel failed to explore and exhaust all remedys [sic] to prove the Defendants [sic] innocence by failing to have blood samples from the victim tested agianst [sic] the Defendants [sic] DNA perscribed [sic] by RSMO 650.050. Thus denying the Defendants [sic] rights to a fair trial and equal protection of the law guaranteed by the Fifth, Sixth, and Fourtenth [sic] Amendments, Section One of the U.S. Constitution and the Missouri Constitution of 1945. Assign [sic] counsel failed to file proper defense motions to have DNA done, when in fact a DNA test would have proven Defendants [sic] innocence."

The motion court made the following findings of fact regarding the above allegation:

"At the sentencing hearing, the Court inquired as to whether movant was satisfied with the advice given to him by his attorney and whether movant's attorney did the things which movant asked him to do before movant entered his plea of guilty. Movant's response to both questions was in the affirmative."

In its conclusions of law, the motion court held that the responses referred to in the above findings demonstrated that Appellant's guilty plea was knowingly and voluntarily entered.

In support of his claim of error, Appellant directs us to the segment of the transcript where the plea court addressed him pursuant to Rule 29.07(b)(4).[3] There, we find:

"The Court: Did you have sufficient time to discuss your case with your attorney before you entered your plea of guilty?

The Defendant: Yes.

The Court: Do you know of any witnesses that you believe your attorney

---

1. The agreement was that in exchange for Appellant's guilty plea, the prosecutor would recommend the ten-year sentence and dismiss a "related forcible rape charge."

2. Rule references are to Missouri Rules of Criminal Procedure (1994).

3. Rule 29.07(b)(4), provides, in pertinent part: "If a defendant has a right to proceed under Rule 24.035 ..., the court at the conclusion of

final sentencing shall advise the defendant of such right and shall examine the defendant as to the assistance of counsel received by the defendant. The examination shall be on the record and may be conducted outside the presence of the defendant's counsel. At the conclusion of the examination the court shall determine whether probable cause exists to believe the defendant has received ineffective assistance of counsel."

should have contacted in the preparation or defense of your case?

The Defendant: No.

The Court: Are you satisfied with the advice given you by your attorney as to the law?

The Defendant: Yes.

The Court: Did your attorney do the things that you asked him to do before you entered your plea of guilty?

The Defendant: Yes.

The Court: Was the disposition and sentence imposed on you the result of a plea bargain?

The Defendant: Yes.

The Court: Was that the actual sentence you received today?

The Defendant: Yes.

The Court: Other than the plea bargain did your attorney communicate any threats or promises to you to induce you to enter a plea of guilty?

The Defendant: No.

The Court: Are you completely satisfied with the services rendered to you by your attorney?

The Defendant: Yes.

The Court: The court makes a finding of no probable cause of ineffective assistance."

Appellant's brief asserts that during an examination per Rule 29.07(b)(4), an accused "is not represented by conflict-free counsel." Appellant's hypothesis, as we understand it, is that inasmuch as the goal of the examination is to determine whether probable cause exists to believe the accused has received ineffective assistance of counsel, the accused's lawyer "is not representing [the accused], as counsel's interests are adverse to the [accused's]." Because of that, says Appellant, an accused is without effective assistance of counsel during a Rule 29.07(b)(4) examination.

Appellant reminds us that an accused is constitutionally entitled to assistance of counsel at all critical stages of prosecution. *State*

v. *Buckles*, 636 S.W.2d 914, 922[12] (Mo. banc 1982).[4] According to Appellant, "The 29.07 hearing becomes a critical stage when answers given by a defendant at that hearing are later used to deny relief in a related action."

Appellant maintains the motion court denied postconviction relief without an evidentiary hearing solely on the basis of the answers Appellant gave during the Rule 29.07(b)(4) examination. Appellant proclaims this was error of constitutional dimension in that he gave those answers without assistance of counsel.

In support of that contention, Appellant cites *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). There, the Supreme Court of the United States reviewed a case where an appellate court reversed a criminal conviction on the ground that the accused's lawyer did not provide the assistance guaranteed by the Sixth Amendment to the Constitution of the United States. 466 U.S. at 650, 104 S.Ct. at 2042. The opinion said:

"If counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance. It is for this reason that we attach no weight to either respondent's expression of satisfaction with counsel's performance at the time of his trial, or to his later expression of dissatisfaction."

*Id.* at 657, n. 21, 104 S.Ct. at 2046, n. 21 (citations omitted).

Appellant insists the above passage specifically addresses his claim of error. We disagree. Nothing in *Cronic* suggests that a court accepting a guilty plea from an accused must, before examining the accused to determine whether probable cause exists to believe the accused received ineffective assistance of counsel, appoint another lawyer to represent the accused during such inquiry.

■ *Cronic* holds only that in ultimately determining whether the accused received the constitutionally guaranteed level of assis-

4. A holding in *Buckles* on an unrelated point was overruled by *State v. Waller*, 816 S.W.2d 212 (Mo. banc 1991).

tance of counsel, the accused's expression of satisfaction with counsel's performance at time of trial, and the accused's expression of dissatisfaction later, are given no weight.

That, of course, is unassailably sound. To hold otherwise would grant an accused the right to award himself postconviction relief by proclaiming his lawyer constitutionally ineffective.

■ In making the determination required by Rule 29.07(b)(4), it is essential for a plea court to find out whether the accused has had sufficient time to consult with counsel, whether there were any potential witnesses the accused wanted counsel to find and interview, whether there were any motions the accused wanted counsel to file, whether counsel did everything the accused asked, and whether counsel did anything contrary to the accused's wishes. The accused's answers to such questions will indicate whether further, more specific, inquiries are necessary to make the determination required by Rule 29.07(b)(4).

In *State v. Hurtt,* 836 S.W.2d 56, 61[5] (Mo.App.S.D.1992), this Court squarely held that an accused's right to assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States is not abridged by an examination per Rule 29.07(b)(4). The opinion explained, "That inquiry did not make defendant's response a measure by which the effectiveness of his counsel was determined, which would be contrary to the authority of *United States v. Cronic.*" *Hurtt,* 836 S.W.2d at 61.

■ *Hurtt* recognized that the purpose of an examination per Rule 29.07(b)(4) is to establish *facts* so the trial court can make the determination required by the rule. *Id.* Consequently, held *Hurtt,* a motion court may properly consider an accused's factual representations during a Rule 29.07(b)(4) examination in considering his subsequent testimony to the contrary in a proceeding for postconviction relief. *Id.*

■ *Hurtt* foreshadowed the holding of the Supreme Court of Missouri in *State v. Debler,* 856 S.W.2d 641, 652–53[23] (Mo. banc 1993), that a Rule 29.07(b)(4) examination is not a critical stage of a criminal prosecution.

Here, in determining whether Appellant was entitled to an evidentiary hearing on his complaint that he received ineffective assistance because the lawyer who represented him in the plea court ("plea counsel") failed to move for a "DNA" test of the victim's blood and Appellant's blood, the motion court could properly consider that Appellant, at the time he pled guilty, stated (under oath) that plea counsel had done the things Appellant asked him to do.

Had Appellant, at the time he pled guilty, believed a DNA test would exonerate him, it is inconceivable that he would have failed to ask plea counsel to seek a court order for such a test. Had Appellant made such a request of plea counsel, and had plea counsel ignored it, it is highly unlikely that Appellant would have failed to tell the plea court during the Rule 29.07(b)(4) examination.

However, for the reasons that follow, we need not base our resolution of this appeal on those conclusions.

■ To obtain an evidentiary hearing, a prisoner seeking postconviction relief must meet three requirements: (1) his motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the prisoner. *State v. Starks,* 856 S.W.2d 334, 336[2] (Mo. banc 1993); *Gilliland v. State,* 882 S.W.2d 322, 325[3] (Mo.App.S.D.1994).

Appellant's motion to vacate does not allege he told plea counsel any facts which, if true, would have indicated to plea counsel that a DNA test would exonerate Appellant. Absent such facts, plea counsel would have had no reason to request such a test, as it might have created additional (and compelling) evidence of Appellant's guilt.

■ It has been repeatedly held that to be entitled to an evidentiary hearing on a claim that counsel rendered ineffective assistance in failing to investigate a witness, a prisoner seeking postconviction relief must allege, among other things, that counsel was informed of the witness' existence. *State v. Simmons,* 875 S.W.2d 919, 923[10] (Mo.App.

W.D.1994); *State v. Dudley,* 819 S.W.2d 51, 56[9] (Mo.App.S.D.1991); *Mack v. State,* 775 S.W.2d 288, 292[4] (Mo.App.E.D.1989). It has also been held that when a prisoner seeks postconviction relief on the ground that his lawyer rendered ineffective assistance in failing to move for a mental examination, the prisoner must show the existence of a factual basis indicating his mental condition was questionable, which should have caused his lawyer to initiate an independent investigation of the prisoner's mental state. *State v. Skelton,* 887 S.W.2d 699, 706[13] (Mo.App. S.D.1994); *O'Neal v. State,* 724 S.W.2d 302, 305[4] (Mo.App.S.D.1987); *Ginnery v. State,* 645 S.W.2d 202, 203[2] (Mo.App.S.D.1983). In the absence of some suggestion of mental instability, counsel has no duty to initiate an investigation of an accused's mental condition. *Skelton,* 887 S.W.2d at 706[14]; *State v. Powell,* 793 S.W.2d 505, 509[11] (Mo.App. E.D.1990); *O'Neal,* 724 S.W.2d at 305–06[5].

Applying the rationale of the cases listed in the preceding paragraph, we hold Appellant pled no facts entitling him to an evidentiary hearing regarding plea counsel's failure to seek a DNA test in that Appellant's motion set forth no facts which plea counsel should have known about and which would have indicated that a DNA test would have exonerated Appellant. That being so, the motion court did not err in denying relief without an evidentiary hearing.

Nothing in this opinion should be understood as implying that Appellant would have been entitled to a court-ordered DNA test of the victim's blood and his blood had plea counsel sought such an order. We need not, and do not, decide that issue. Anyone interested in the subject can study *State v. Sinner,* 772 S.W.2d 719 (Mo.App.E.D.1989).

The order of the motion court denying postconviction relief is affirmed.

PREWITT, P.J., and SHRUM, C.J., concur.