Imre v State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-078-CR

     GORDON IMRIE,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law
Collin County, Texas
Trial Court # 001-80341-94
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Imrie appeals from his conviction for driving while intoxicated for which he was
sentenced to 45 days in jail and a $750 fine.
      The Morans were stopped at a red light in Plano. A car drove up behind them and stopped. 
Appellant drove his red pickup truck hitting the car behind the Morans which caused that car to
hit the Morans' car.
      Soon after the accident, Officer Nunn arrived. He asked who was driving the red pickup and
Appellant said that he was the driver. Officer Nunn noticed the odor of alcohol on Appellant. 
He conducted field sobriety tests on Appellant and determined from the tests and his observations
that Appellant was intoxicated. Appellant was arrested and charged by information with DWI,
enhanced by a prior misdemeanor conviction for DWI.
      Appellant was tried to a jury. At the close of the State's case, counsel for Appellant moved
for a directed verdict on the ground that the State had failed to prove Appellant was driving and
operating a motor vehicle on the date in question.
      The trial court overruled the motion and Appellant continued with the trial and put on his
defense. The jury convicted Appellant; and Appellant elected to have the judge assess
punishment. The judge sentenced Appellant to 45 days in jail (with work release granted), and
a $750 fine.
      Appellant appeals on three points of error.
      Point one asserts the State failed to prove beyond a reasonable doubt that Appellant was
driving and operating a motor vehicle.
      At trial Appellant moved for a directed verdict on the ground that the State had failed to prove
he was driving and operating a motor vehicle on the date in question.
      After the court overruled the motion Appellant proceeded to put on a defense.
      Appellant's point one challenges the trial court's judgment on the very same grounds as
alleged in his motion for directed verdict.
      When a defendant makes a motion for a directed verdict which is denied, and then presents
a defense he cannot, on appeal, challenge the court’s denial of the motion for directed verdict. 
Smith v. State, 704 S.W.2d 568, 570 (Tex. App.—Houston [14th Dist.], pet. ref’d 1993);
Kuykendall v. State, 609 S.W.2d 791, 794 (Tex. Crim. App. 1981). In Kuykendall the court
stated: “We need not review the propriety of overruling the motion for directed verdict made when
the State rested, for in thereafter putting on a defense the appellant waived the contention.”
      To the extent that Appellant is challenging the legal and factual sufficiency of the evidence
to prove beyond a reasonable doubt that he was driving and operating a motor vehicle, that
challenge is overruled.
      The standard for legal sufficiency is to view the evidence in the light most favorable to the
verdict and determine if any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319; Wilson v. State, 836
S.W.2d 59 (Tex. Crim. App. 1993).
      Factual sufficiency requires viewing the evidence without the prism of “in the light most
favorable to the verdict,” and we set aside the verdict if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d (Tex.
Crim. App. 1996).
      The evidence reflects that on January 8, 1994, Appellant was involved in a multi-car accident
in Plano. A passenger in the car hit by Appellant went to Appellant’s truck to check for injuries. 
This passenger saw that Appellant’s truck was damaged but still running. It appeared that
Appellant might be getting ready to leave the scene. Officer Nunn arrived and asked who was
driving the red pickup and Appellant responded that he was the driver.
      The evidence is both legally and factually sufficient to prove that Appellant was driving and
operating a motor vehicle.
      Point one is overruled.
      Point two asserts the court erred in allowing Officer Nunn to testify concerning the scientific
theory underlying the Horizontal Gaze Nystagmus (HGN) test and the use of that test. Officer
Nunn testified that the HGN test is a field sobriety test; that he conducts such regularly; that the
test is designed to disclose if a subject has consumed alcoholic beverage- -“what happens is . . .”
      [DEFENSE COUNSEL]: I object. I don’t believe this witness is qualified to answer the
question. I don’t believe the proper predicate has been laid.
 
      THE COURT:    Overruled.
 
      OFFICER NUNN:    Basically, what happens is the muscles in your eyes, they become
numb and intoxicated, . . . and when you move your pen with your
eyes, you’re supposed to have an even-flow motion. It is very
smooth. When you become intoxicated your eyes are drunk, or your
muscles, and they don’t follow smoothly, they bounce. That’s the only
test that can’t be defeated by studying, like an intoxicated person can
practice their alphabet. They can practice standing on one leg. They
can practice all these things to defeat field sobriety. That’s the only
thing they can’t defeat.

      Officer Nunn later testified that he administered the HGN test to Appellant. Appellant’s
counsel objected and asked to take the witness on voir dire. On voir dire Nunn testified that on
the date he arrested Appellant he was not certified by the State to administer the HGN test. 
Appellant’s counsel then objected to Nunn’s giving any opinion concerning the HGN test. The
trial court sustained the objection.
      Thereafter Officer Nunn testified he believed Appellant to be intoxicated on everything he had
observed.
      Q.  What did you base your opinion on?
 
      A.  On the opinion that he wasn’t able to concentrate; he didn’t know how many vehicles
were involved in the accident. He thought he was struck by someone from the rear when
in actuality he had no damage to the rear of his truck; that the front of the other vehicle
had no damage. He wasn’t able to perform the simple tests I gave him; that his speech
was slurred and he spoke very thick-tongued, and he appeared to be intoxicated.

      For testimony concerning a defendant’s performance on an HGN test to be admissible, it must
be shown that the witness testifying is qualified as an expert on HGN testing; in the case of a
police officer this requirement is satisfied by proof that the officer has received a practitioner’s
certificate by the State to administer an HGN test. Emerson v. State, 880 S.W.2d 759, 761 (Tex.
Crim. App. 1994).
      To satisfy the requirements of Emerson, some testimony regarding HGN will have to be
elicited from the witness. In this case only general information was elicited. Officer Nunn did
not testify to Appellant’s performance or appearance while performing the test.
      Appellant never requested any additional relief such as an instruction to disregard all mention
of HGN, or move for a mistrial. Appellant was given all the relief he requested.
      In order for error to be properly preserved for appellate review, counsel must press the
specific objection to the point of obtaining an adverse ruling. Fuller v. State, 827 S.W.2d 919,
926 (Tex. Crim. App. 1992).
      Here, Appellant objected to any opinion Officer Nunn might give regarding HGN tests
performed on Appellant. The trial court sustained the objection and Appellant requested no
further relief. No evidence was received regarding the HGN tests performed on Appellant.
      Because Appellant did not request an instruction to disregard, move for a mistrial, or press
the objection until he secured an adverse ruling, nothing is preserved for review. Appellant
received all the relief he requested.
      Point two is overruled.
      Point three asserts the trial court erred in sustaining the State’s objection to defense counsel’s
final argument concerning the HGN test.
      In closing argument defense counsel argued that Officer Nunn based his decision to arrest
Appellant on the HGN test he was not qualified to perform. The State objected to the argument
based on the trial court’s previous ruling preventing Officer Nunn from testifying to any HGN
results or observations specific to this case. The court then sustained the State’s objection.
      There are four areas of permissible jury argument: (1) Summation of the evidence, (2)
reasonable deductions from the evidence, (3) answers to agrument of opposing counsel, and (4)
pleas for law enforcement. Harris v. State, 827 S.W.2d 949, 963 (Tex. Crim. App. 1992). 
Defense counsel’s argument did not fall in any of these areas. All evidence of HGN specific to
this case was kept out at the request of Appellant. Because there was no evidence of HGN specific
to this case, Appellant’s argument was neither a summation the of evidence nor a reasonable
deduction from the evidence. Because there was no specific HGN evidence in this case, the trial
court did not prevent Appellant from making a proper jury argument.
      Point three is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 11, 1997
Do not publish