96159cr.fgm.wpd















IN THE
TENTH COURT OF APPEALS
 
No. 10-96-159-CR

     KERRY WESTON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 87th District Court
Leon County, Texas
Trial Court # 8022-B
                                                                                                                 

O P I N I O N
                                                                                                                 

      Appellant Weston appeals from his conviction for Possession of Cocaine, over 400 grams, with
Intent to Deliver, for which he was sentenced to 16 years in the Texas Department of Criminal
Justice, Institutional Division.
      On May 25, 1995, Appellant and three other persons were going North on I-45 and were
stopped near Centerville by two DPS troopers. Appellant was driving a Ford Contour and Kenneth
Cole was a passenger. Appellant's car was closely following a Chrysler LeBaron driven by
Margaret Olds. Appellant's father, Willie Weston, was a passenger in the Chrysler. Both cars
were stopped for speeding. Trooper Brown approached Appellant's car while Trooper Ashby
approached the other car. Both troopers became suspicious when the stories they received from
the four individuals as to where they were going and where they had been were conflicting. The
troopers asked for and received consent to search both vehicles. In the trunk of Appellant's car,
Trooper Ashby found 45.27 grams of cocaine. Appellant and Cole were then arrested. Search of
the Chrysler revealed 375.16 grams of cocaine. Appellant's father and Margaret Olds were
arrested.
      Appellant was indicted for and convicted of possession with intent to deliver over 400 grams
of cocaine. He appeals on seven points of error.
      Point 1 “asserts the State failed to establish the necessary elements concerning the adulterants
and dilutants of the alleged controlled substance, rendering the verdict legally insufficient."
      The State's chemist testified that part of the cocaine found in the Chrysler, State’s Exhibit 17,
weighed 211.93 grams and was 44% pure cocaine. 
      Moreover, as noted, 45.27 grams of cocaine was found in the Ford and 375.16 grams of
cocaine was found in the Chrysler, totaling 420.43 grams (which included adulterants and/or
dilutants).
      The State may adequately establish that a defendant possessed a requisite quantity of drugs,
even though only a portion of the drugs have been scientifically tested. Gabriel v. State, 900
S.W.2d 721 (Tex. Crim. App. 1995).
      The Health and Safety Code, § 481.112(f), provides that possession of cocaine with intent to
deliver is punishable by imprisonment for life or not more than 99 years or less than 15 years and
a fine of not more that $250,000 if the controlled substance is by aggregate weight, including
adulterants and dilutants, 400 grams or more. This became effective September 1, 1994, and was
the governing law on May 25, 1995, the date of Appellant's offense. At the same time the
Legislature amended Article 481.002, Definitions, to add sec. (49) which provides “adulterant or
dilutant means any material that increases the bulk or quantity of a controlled substance regardless
of its effect on the chemical activity of the controlled substance.” (Emphasis added). Thus the
State adequately established that Appellant possessed 420.43 grams of cocaine.
      The evidence is legally sufficient to support Appellant's conviction for possession, with intent
to deliver, of a controlled substance, cocaine, over 400 grams.
      Point 1 is overruled.
      Points 2 and 3 assert “the State failed to establish sufficient affirmative links between Appellant
and the alleged controlled substance, rendering the evidence legally and factually insufficient.”
      The standard for legal sufficiency is to view the evidence in the light most favorable to the
verdict and determine if any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319; Wilson v. State, 836
S.W.2d 59 (Tex. Crim. App. 1993).
      Factual sufficiency requires viewing the evidence without the prism of "in the light most
favorable to the verdict," and setting aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d (Tex. Crim.
App. 1996).
      To establish the unlawful possession of a controlled substance the State must prove the
defendant: (1) exercised care, control or management over the contraband; and (2) had knowledge
that what he possessed was contraband. King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App.
1995); Manning v. State, 864 S.W.2d 198, 201 (Tex. App.—Waco 1993, pet. ref’d). If the
accused is not in exclusive possession of the place where the substance is found, the State must
affirmatively link the controlled substance to the accused. Manning, 864 S.W.2d at 202. An
affirmative link can be established by showing additional facts from which the jury may infer that
the accused knew of the controlled substance and that he exercised care, custody, control or
management over it. Id. Affirmative links may be proved by circumstantial evidence. Hurtado
v. State, 881 S.W.2d 738 (Tex. App.—Houston [1st Dist.] 1994, no pet.).
      Factors that may establish affirmative links between an accused and contraband include
whether the contraband was (1) in plain view; (2) conveniently accessible to the accused; (3) in a
car driven by the accused; (4) found in an enclosed space; and whether (5) occupants of the car
gave conflicting statements; (6) the defendant was in close physical proximity to a large quantity
of contraband; and (7) affirmative statements connect the accused to the contraband. Hurtado, 881
S.W.2d at 743; Stokes v. State, 853 S.W.2d 227, 239 (Tex. App.—Tyler 1993, no pet.). 
Additional facts can affirmatively link an accused with the premises and prove that he jointly
possessed and controlled the contraband or the accused is closely related to other persons in joint
possession of the contraband, and presence of other contraband or paraphernalia. Stokes, 853
S.W.2d at 240.
      The court charged the jury on the law of parties. While mere presence at the crime scene is
insufficient to prove that a person is a party to a crime, it is a circumstance tending to prove guilt
which, when combined with other facts, may suffice to show Appellant was a participant. 
Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987). It is sufficient if the conclusion
of guilt is supported by the combined impact of all the incriminating evidence. Stokes, 853 S.W.2d
at 239. 
      In this case Trooper Brown and Trooper Ashby pulled over two speeding cars traveling
together toward Dallas. Brown approached Appellant’s vehicle and Ashby approached the
Chrysler. Appellant seemed “out of it” and didn’t seem to have all his faculties. Appellant and
his passenger gave conflicting stories. Appellant stated he had no contraband in his car but two
bags of cocaine were found on top of the spare tire and $1,200 was found in the console. More
cocaine was found in the Chrysler in which Appellant’s father was a passenger. Appellant did not
pull over his car when first directed to do so by the trooper. Appellant did not seem surprised
when he was arrested.
      Additionally, Appellant testified that he knew a controlled substance was in the trunk of the
car. It is reasonable for the jury to conclude that if Appellant is driving a car he knows had a
controlled substance in it, he is in possession of the controlled substance.
      A rational trier of fact could have concluded that Appellant possessed a controlled substance
with intent to deliver, and the jury’s finding is not against the great weight and preponderance of
the evidence as to be clearly wrong or unjust.
      Points 2 and 3 are overruled.
      Points 4, 5, 6 and 7 complain of the trial court’s statement, “Restitution $3,129.50.” The
judgment states, “Punishment and place of confinement: Sixteen years in TDCJ-ID plus $3,000 fine
and costs $129.50. Thereafter, the judgment states, “Restitution $3,129.50.” 
      It is clear from a reading of the judgment that the statement, “Restitution $3,129.50," is simply
a total of the fine of $3,000 and court costs of $129.50 that were assessed as punishment.
      The judgment is reformed to delete the words, “Restitution $3,129.50" 
      As reformed, the judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Reformed and affirmed
Opinion delivered and filed August 6, 1997
Do not publish