**STATE of Missouri, Respondent,**

v.

**John PAYNE, Appellant.**

**John PAYNE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 67095, 70618.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 8, 1997.

Allen I. Harris, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Becky Owenson Kilpatrick, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

Defendant was jury tried, convicted and sentenced on five felonies. The accumulated sentences are for life imprisonment, plus sixty-five years.

Defendant argues three trial court errors on direct appeal and one claim of trial court error for denial of Rule 29.15 relief without an evidentiary hearing.

■ Defendant claims the court erred in denying a *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) challenge to six specific strikes of African–American women. He argues the trial court refused to allow defendant the opportunity to proceed on the question of pretext after hearing explanations by the prosecutor. Defendant is an African–American and the prosecuting witness is a sixty-eight year old white woman. This claim of error can only be reviewed as a matter of plain error be-

cause defendant's counsel did not include the *Batson* challenge in defendant's motion for new trial. *State v. Pullen,* 843 S.W.2d 360, 364 (Mo. banc 1992) cert. denied, 510 U.S. 871, 114 S.Ct. 200, 126 L.Ed.2d 158 (1993).

■ The trial court's decision in a *Batson* challenge will not be reversed unless it is shown to be "clearly erroneous." *State v. Parker,* 836 S.W.2d 930, 939 (Mo. banc 1992). There was a timely and proper *Batson* challenge to individual venirepersons. For that reason, the state's reliance on our decision in *State v. Sutherland,* 859 S.W.2d 801, 803 (Mo.App. E.D.1993) is not appropriate. In *Sutherland* we held plain error review of this issue was unavailable because the defendant made a motion to quash the venire panel. That motion was ineffective for a *Batson* violation because a favorable ruling would exclude all venirepersons from serving because of discriminatory conduct on some, but not all. In the present case, the motion was timely made in due form. It would appear impossible to review a *Batson* challenge as a matter of plain error where there is no trial court record to review. But we have a record which includes the state's explanations and the failure to preserve the issue is attributable to the motion for new trial deficiency. Assuming, without deciding, a *Batson* challenge with a developed record is reviewable, we have reviewed the proceedings following defendant's *Batson* challenge to six venirepersons for plain error. We find no error plain or otherwise.

■ The state used peremptory strikes to remove six black venirepersons, one was an alternate. One black venirewoman was struck because of her youth and a perception that she would sympathize with the youthful defendant, rather than the elderly prosecuting witness. The prosecutor distinguished this venirewoman from a youthful white venirewoman because the latter engaged in an employment which suggested an ability to understand complicated and technical DNA evidence.

■ The second black venirewoman was struck because a relative was robbed and the police failed to solve the robbery although the victim could identify at least one of the

robbers. The prosecutor's explanation for not striking a white venirewoman whose daughter was criminally assaulted was simple. The assault on the daughter was never reported to the police. Further, the white venirewoman had been a juror in a criminal case in which a verdict had been reached.

■ Defendant challenged a third black venirewoman who had two nephews who were jailed on drug charges and either she or her sister had been the victim of a crime. The court observed that she and her sister had both been victims of criminal acts including theft of automobile and home burglary. The prosecutor distinguished this strike from a white venirewoman whose brother-in-law was prosecuted for criminal conduct because she thought he was fairly treated and was "probably good for it." Further, she was the daughter and daughter-in-law of police officers.

■ The prosecutor struck a fourth black venirewoman because she was never on a jury, was the victim of a robbery, and was unable to identify the robber in a lineup. Identification was expected to be a critical issue in this case.

■ The prosecutor struck a fifth black venirewoman because of the absence of any prior criminal jury experience and "because her answers to me were very, very terse and I got the distinct impression she didn't like me." The strike was made because of a combination of these two reasons.

■ The prosecutor struck a sixth black venirewoman from the alternate jury pool because of the absence of prior jury experience, because she was twenty-one years of age, and because she answered a question identifying the father of her daughter as a "police officer," not as her "boyfriend," which suggested the possibility of animosity.

Even without granting "great deference" which a trial judge is entitled to, we find the prosecutor's explanations were both persuasive and plausible. All that is required is facial validity of the striking party's explanations. *Purkett v. Elem,* 514 U.S. 765, ——, 115 S.Ct. 1769, 1771 131 L.Ed.2d 834 (1995).

The denial of the *Batson* challenge was not clearly erroneous.

■ Defendant's second and third claims of error relate to the admission of DNA evidence. Defendant complains that the court erred in not granting a *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923) test before admitting the DNA evidence. We find no abuse of discretion in admitting the expert testimony evidence which connected defendant with the commission of the crime by DNA evidence. Our courts continue to utilize the standard announced in *Frye.* The nature of the RFLP form of DNA analysis used in this case has been accepted in the scientific community. *State v. Davis,* 814 S.W.2d 593, 602–603 (Mo. banc 1991), cert. denied, 502 U.S. 1047, 112 S.Ct. 911, 116 L.Ed.2d 812 (1992). There was no need for a *Frye* hearing. Defendant also argues a "chain of custody" deficiency which questions whether the blood tested for DNA purposes was defendant's blood. The criminologist who handled the blood wrote an erroneous date on an envelope containing the dried blood sample. The witness explained the mechanical error. There were documents identifying the correct date. This evidence supported the court's ruling that there was a sufficient foundation for the evidence. The ruling did not constitute an abuse of discretion. *State v. Sherrill,* 657 S.W.2d 731, 736 (Mo.App.1983). Both claims of error regarding the DNA evidence are without merit.

Finally, defendant argues he is entitled to an evidentiary hearing on his claim that counsel was ineffective for failing to call alibi witnesses. The motion court refused a hearing and it relied, in part, on a statement made by trial counsel to the trial court at the time of sentencing. A hearing is not required if the record is sufficient to support a finding movant is not entitled to relief. Rule 29.15(h). The trial court conducted the required questioning under Rule 29.07(b)(4). The defendant expressed extreme dissatisfaction with his trial counsel and noted fourteen witnesses whose names had been given to defense counsel, but not called as witnesses. Although there is no provision in the rule for a trial counsel explanation, the trial court asked trial counsel why these witnesses

were not called. Trial counsel offered an explanation.

Defendant's point is that he is entitled to an evidentiary hearing "because there were numerous factual questions that required evidence to determine." We reject the claim of error for several reasons.

■ First, the point on appeal does not comply with Rule 84.04 by describing wherein and why the denial of an evidentiary hearing was erroneous.

Second, he does not contend that it was erroneous for trial counsel to respond to a question presented by the trial court at the time of sentencing. Nor does he contend the motion court is not entitled to consider counsel's unsworn answer as part of the record when determining whether the record refutes any factual allegations in the Rule 29.15 motion. The issue regarding the propriety of trial counsel answering the question, while still representing defendant, is not before this court. Certainly, the attorney's answer is not a matter of sworn testimony, but it is presumptively a truthful answer. Moreover, the answer would certainly be the same in the event of an evidentiary hearing.

■ Third, the Rule 29.07(b)(4) proceeding is not a critical stage in the criminal justice system for purposes of satisfying Sixth Amendment rights. *State v. Debler*, 856 S.W.2d 641, 652–653 (Mo. banc 1993).

Fourth, we have reviewed the entire trial record. We have reviewed the findings of fact of the motion court regarding the listed, but uncalled, witnesses and have reviewed the conclusions of law. We hold the findings and conclusions of law were not clearly erroneous.

We affirm the sentences and denial of Rule 29.15 relief.

RHODES RUSSELL, P.J., and SIMON, J., concur.