**STATE of Missouri, Respondent,**

v.

**Charles W. EZELL, Appellant.**

**No. WD 67206.**

Missouri Court of Appeals,
Western District.

Sept. 25, 2007.

Irene C. Karns, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun Mackelprang and Staphenie L. Wan, Office of Atty. Gen., Jefferson City, MO, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Charles Ezell appeals his conviction for one count of child molestation in the first degree of a nine-year-old child of his former daughter-in-law and her subsequent husband. Section 566.067, RSMo.2000. In his sole point on appeal Ezell contends that the prosecutor was improperly allowed to seek a commitment from the jury by asking whether any juror would automatically disbelieve the testimony of the victim because she did not report the abuse for a number of months after it occurred. We find that the inquiry did not seek a commitment but properly sought out bias or predisposition, and the trial court did not abuse its discretion in allowing it. Affirmed.

Charles Ezell was charged with child molestation of his former daughter-in-law's nine-year-old daughter. Ezell and his wife lived on the same property where they also leased a trailer to their former daughter-in-law. She lived in the trailer with Ezell's grandchildren and the victim who was her daughter by a different marriage. In August 2005, the victim told her father and then her mother that Ezell had molested her. She said that the act occurred between September and November of the prior year. During voir dire the prosecutor asked the panel whether anyone, without hearing the evidence, would automatically disbelieve the victim's testimony because of the delay in reporting the abuse. The defense objected that the question sought an impermissible commitment of the jury as to the victim's credibil-

ity. The trial court overruled the objection.

## Standard of Review

■ Because of the myriad potential inquiries in voir dire, the trial court is given wide discretion in judging the propriety of examination. *State v. Clark*, 981 S.W.2d 143, 146 (Mo. banc 1998). Rulings during voir dire are, therefore, reviewed for an abuse of discretion. *Id.* A liberal latitude should be afforded as venirepersons do not always recognize or easily give up their biases or predispositions. All questions must therefore be considered in context. *Id.*

■ Bias or prejudice cannot often be uncovered by asking only "general fairness and follow-the-law questions." *State v. Nicklasson*, 967 S.W.2d 596, 611 (Mo. banc 1988). Because generic questions are often so ineffective, counsel must be allowed some latitude to ferret out dogmatic views or prejudices that even the self-aware and honest juror may not recognize with the can-you-be-fair question.

■ Some inquiry into relevant and critical facts of the case is essential to the search for bias. *State v. Antwine*, 743 S.W.2d 51, 58 (Mo. banc 1987). Thus, a judicial attitude that no evidence be mentioned during voir dire is too restrictive and would leave the right to an impartial jury meaningless. *See State v. Clark*, 981 S.W.2d at 147. And that the right to an impartial jury has a constitutional dimension to the defendant does not mean that the State has no right to an impartial jury and should not also be allowed to explore for potential bias. *State v. Lumsden*, 589 S.W.2d 226, 229 (Mo. banc 1979).

■ This does not mean that every fact should be disclosed to potential jurors. Indeed in *State v. Taylor*, 742 S.W.2d 625 (Mo.App. E.D.1988), which is relied upon by Ezell, the inquiry was rejected because the fact it sought to reveal (that a witness

was a prostitute) was too tenuously related to the underlying armed robbery case and the question was not designed to uncover relevant prejudice. *Id.* at 627. As the court there said, "The phrasing of voir dire questions in a manner which pre-conditions the juror's minds to react even subconsciously in a particular way to anticipated evidence is an abuse of counsel's privilege to examine prospective jurors." *Id.*

■ There is a tendency by counsel and sometimes courts, to jump to the conclusion that every question containing the words "would you believe/disbelieve automatically," connected to some fact of the case, improperly seeks a commitment as to the credibility of some party or witness in the case. Although such questions should be carefully considered by the trial court, they are not *per se* improper. The test is their relationship to a critical fact of the case and whether they are phrased in such a way to uncover rather than to inject bias or prejudice.

■ Here, it was a critical fact that the victim had delayed nearly a year reporting the molestation. It was a fact that the defense should and would repeatedly emphasize to attack the credibility of the victim. The State was as entitled to ask whether any potential juror would dismiss such a late charge without hearing the evidence as the defense was entitled to (and did) ask whether any believed that a child would never lie about sexual abuse.

The trial court did not abuse its discretion and the judgment of conviction is affirmed.

HAROLD L. LOWENSTEIN, Judge, and JAMES M. SMART, JR., Judge, concur.