Rodney P. McINTOSH, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 93118.

Supreme Court of Missouri,
En Banc.

Nov. 26, 2013.

Scott Thompson, Public Defender's Office, St. Louis, for Appellant.

Shaun J. Mackelprang, Attorney General's Office, Jefferson City, for Respondent.

GEORGE W. DRAPER III, Judge.

Rodney P. Mcintosh (hereinafter, "Movant") appeals from the motion court's overruling of his Rule 29.15 post-conviction relief motion without an evidentiary hearing. Movant failed to demonstrate that defense counsel was ineffective for failing to call a witness, to object to the prosecutor's voir dire questions, and to offer evidence regarding the victim's prior sexual abuse allegation. Movant's claim of prosecutorial misconduct for comments made during closing argument is not cognizable pursuant to Rule 29.15, and therefore, is unreviewable. The motion court's judgment is affirmed.

### Factual and Procedural History

Movant met C.P. (hereinafter, "Mother") and her three-year-old daughter, H.P. (hereinafter, "Victim"), in November 2004 through their mutual friend, Angelo Veal (hereinafter, "Veal"). Veal was a close friend of Mother, Victim's godfather, and a former boyfriend of Movant's sister. Veal and Movant lived and worked together.

Movant and Mother developed a personal familial relationship during which time Movant babysat Victim on three separate occasions. The first occasion occurred at Veal's home on McPherson Avenue in the City of St. Louis. The second occasion occurred at Veal's new home after they moved to Jennings in St. Louis County.

The third occasion occurred at Mother's home on North Tucker Boulevard in the City of St. Louis on January 5, 2005.

In the early morning hours of January 6, 2005, Victim woke up whimpering and indicated she had to use the bathroom. Mother accompanied her to the bathroom, and when Victim began to urinate, she started to cry. Victim told Mother her "tee-tee" hurt, which was Victim's word for vagina. When Mother asked what happened, Victim said, "[Movant] touched my tee-tee." Victim told Mother that Movant had been tickling her and instructed her to lay down on the couch, where he pulled off her pants, and touched her vagina. Afterward, Movant gave her candy.

Later that afternoon, Mother took Victim to Cardinal Glennon Children's Hospital, where an examination revealed some redness in Victim's vaginal area. Victim spoke to a detective with the child abuse unit and a forensic interviewer at a child advocacy center and told each of them that Movant touched her vagina with his hand. Approximately two weeks later, Victim told Mother that the first time Movant touched her vagina was at Veal's new home in Jennings, and afterward, he gave her cake and ice cream.

Movant was charged with one count of first-degree statutory sodomy, section 566.062, RSMo 2000,[1] for the incident that occurred at Mother's home. Mother, Victim, the examining doctor, the detective, the forensic interviewer, and Movant testified at trial. Movant vehemently denied touching Victim in any inappropriate manner. The jury found Movant guilty. Movant was sentenced as a prior offender to twenty-five years' imprisonment. Movant's conviction was affirmed on appeal. *State v. McIntosh*, 231 S.W.3d 255 (Mo. App.E.D.2007).

Movant filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. Counsel was appointed, and an amended motion was filed with a request for an evidentiary hearing. Movant alleged he received ineffective assistance of counsel when defense counsel failed to: (1) call Veal as a witness; (2) object to the prosecutor's improper voir dire questions; and (3) present evidence that Victim made a prior sexual abuse allegation against another individual. Movant also alleged the prosecutor committed misconduct in seeking to exclude the evidence of Victim's prior allegation but then used the absence of that evidence to bolster the state's case against him. The motion court overruled Movant's post-conviction relief motion without an evidentiary hearing. Movant appealed. After a *per curiam* opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10; Rule 83.04.

### Standard of Review

When reviewing the motion court's denial of a post-conviction relief motion, this Court presumes the motion court's ruling is correct. *McLaughlin v. State*, 378 S.W.3d 328, 336–37 (Mo. banc 2012). Appellate review of a motion court's action shall be limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the "definite and firm impression that a mistake has been made." *Smith v. State*, 370 S.W.3d 883, 885 (Mo. banc 2012). This Court will find a motion court clearly erred in overruling a request for an evidentiary hearing pursuant to Rule 29.15 only if a movant can demonstrate: (1) that the postconviction motion alleged

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

facts, not conclusions, warranting relief; (2) the facts alleged were not refuted conclusively by the record; and (3) the matters complained of resulted in prejudice to the movant. *Baumruk v. State*, 364 S.W.3d 518, 525 (Mo. banc 2012).

To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that his or her trial counsel failed to meet the *Strickland* test to prove his or her claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a movant must demonstrate that: (1) defense counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he or she was prejudiced by that failure. *Id.* at 687, 104 S.Ct. 2052.

A movant must overcome the strong presumption defense counsel's conduct was reasonable and effective. *Smith*, 370 S.W.3d at 886. To overcome this presumption, a movant must identify "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009). Trial strategy decisions may be a basis for ineffective counsel only if that decision was unreasonable. *Id.* "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable...." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006).

To establish the prejudice requirement of *Strickland*, a movant must prove prejudice. *Johnson v. State*, 388 S.W.3d 159, 163 (Mo. banc 2012). Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002) (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052).

### Failure to Call a Witness

Movant alleges the motion court clearly erred when it denied his post-conviction relief motion without an evidentiary hearing because he alleged facts not refuted conclusively by the record, which if proven, would entitle him to relief. Movant claims defense counsel was ineffective for failing to produce Veal as a witness, and he is entitled to an evidentiary hearing on this issue.

After the trial court pronounced Movant's sentence, it questioned Movant about his satisfaction with defense counsel's services pursuant to Rule 29.07(b)(4). Movant indicated he had "reservations" about the services he received. Movant stated he wanted defense counsel to depose potential witnesses, including Veal. Defense counsel explained, "I spoke to [ ] Veal and I did not like some of the things he said, so I didn't want to use him as a witness." The circuit court asked, "So you did in fact receive the names and based upon your professional opinion your assessment of your defense at trial you decided that they would not best suit any defense on behalf of your client?" Defense counsel answered, "Correct." The circuit court concluded Movant received effective assistance of counsel.

Movant raised this claim in his Rule 29.15 motion, asserting that Veal would have testified that Movant did not touch Victim in a sexual manner when the three of them were together at Veal's home in Jennings. Movant alleges Veal's testimony would rebut this prior uncharged conduct and would impeach Victim's and Mother's testimony. The motion court denied this claim, finding the claim was re-

futed because defense counsel clearly stated on the record he was aware of Veal's existence, he spoke to him, and concluded Veal would not make a good witness for Movant. Movant now argues that the motion court's denial of relief, based solely on defense counsel's "meager comments" at the Rule 29.07 inquiry, left a definite and firm impression a mistake has been made.

At the conclusion of final sentencing, Rule 29.07(b)(4) requires the trial court to conduct an inquiry and advise the defendant of his or her right to seek relief pursuant to Rule 29.15 if applicable. At the inquiry, the trial court must examine the defendant to determine preliminarily whether defense counsel offered effective assistance during his or her representation. "The examination shall be on the record and may be conducted outside the presence of the defendant's counsel. At the conclusion of the examination the court shall determine whether probable cause exists to believe the defendant has received ineffective assistance of counsel." *Id.*

This Court has explained the scope and purpose of the Rule 29.07(b)(4) inquiry:

The Rule 29.07(b)(4) proceedings are not a critical stage of the criminal justice system. Proceedings under Rule 29.07(b)(4) are effectively a 'preliminary hearing,' on ineffective assistance of counsel, for post-conviction relief. The rule restricts the trial court to a narrow determination: whether probable cause exists to believe defendant received ineffective assistance of counsel. This proceeding does not replace an evidentiary hearing under Rule 29.15(h), where a movant is typically represented by counsel under Rule 29.15(e). In a Rule 29.07(b)(4) proceeding, the court limits itself to examining the defendant as to specific complaints and determining whether such complaints demonstrate

probable cause that counsel was ineffective.

*State v. Debler,* 856 S.W.2d 641, 652–53 (Mo. banc 1993).

This rule withstood a Sixth Amendment constitutional challenge in *State v. Ervin,* 835 S.W.2d 905 (Mo. banc 1992), wherein the defendant argued Rule 29.07(b)(4) was unconstitutional on its face and as applied to him because he was compelled to proceed *pro se* at a critical stage and this put him at odds with his appointed counsel. *Ervin,* 835 S.W.2d at 931. This Court disagreed, finding that because the conviction and sentence are complete before the circuit court begins its inquiry, the Sixth Amendment was not implicated. *Id. See also Liebeck v. State,* 910 S.W.2d 373, 376–78 (Mo.App.S.D.1995) (rejecting argument that movant is without effective assistance of counsel during a Rule 29.07 inquiry because counsel's interests are adverse to and in conflict with movant). Further, in *State v. Khoshaba,* 878 S.W.2d 472, 477–78 (Mo.App.E.D.1994), the court rejected the defendant's claim that the Rule 29.07 inquiry compelled him to testify against himself and violated his right to remain silent in violation of the Fifth and Fourteenth Amendments. *See also State v. Hurtt,* 836 S.W.2d 56, 61 (Mo.App.S.D.1992) (same).

 "The issue of whether a defendant is entitled to an evidentiary hearing on a claim of ineffective assistance of counsel under state procedural rules is different from an evaluation of an ineffectiveness claim on the merits." *State v. Driver,* 912 S.W.2d 52, 55 (Mo. banc 1995). "To preclude an evidentiary hearing, however, the Rule 29.07(b)(4) inquiry must be specific enough to elicit responses from which the motion court may determine that the record refutes conclusively the allegation of ineffectiveness asserted in the Rule 29.15 motion." *Id.*

Movant argues that in the absence of an evidentiary hearing, there can be no basis upon which to determine whether defense counsel's trial strategy was reasonable and defense counsel's "bare assertion" of trial strategy at the Rule 29.07 inquiry was insufficient to demonstrate reasonableness. Movant relies on *Schmedeke v. State,* 136 S.W.3d 532 (Mo.App.E.D.2004), *State v. Sublett,* 887 S.W.2d 618 (Mo.App.W.D. 1994), and *Matthews v. State,* 175 S.W.3d 110 (Mo. banc 2005), to support his argument.

In *Schmedeke,* the movant alleged his defense counsel was ineffective for failing to have certain witnesses present. Prior to voir dire for the criminal trial, the movant informed the trial court of his desire to have these witnesses present. Defense counsel stated she thoroughly investigated the case, and the decision not to call the witnesses was a matter of trial strategy. Defense counsel also stated that she did not "want to get into anything specifically" because she thought it would harm the movant's case. The motion court used defense counsel's explanation to deny the movant an evidentiary hearing when he raised this claim in his Rule 29.15 motion. The Eastern District reversed, remanding the case for an evidentiary hearing, stating:

> [C]ounsel did not state the basis for her trial strategy. The mere assertion that trial counsel's conduct was trial strategy is not sufficient to preclude a movant from obtaining relief on a claim of ineffective assistance of counsel. To be the basis for denying post-conviction relief, the trial strategy must be "reasonable." Because an evidentiary hearing was not conducted, counsel was not given the opportunity to explain the strategy to exclude the witnesses' testimony. In this particular case, the record does not conclusively show that counsel's decision was reasonable trial strategy.

*Schmedeke,* 136 S.W.3d at 533–34 (internal citations omitted). *Schmedeke* is distinguishable from this case in that defense counsel here offered an explanation as to why he did not want to call Veal as a witness, instead of a generic "trial strategy" answer. Defense counsel stated he did not like some of the things Veal had to say. While this explanation does not go into great detail regarding what those things were, it is a reasonable inference that those "things" were more unfavorable to Movant's defense than any benefit he would gain from Veal's testimony.

In *Sublett,* the movant alleged defense counsel was ineffective for failing to call certain alibi witnesses. Defense counsel filed a supplemental motion for a new trial on the ground of newly discovered evidence, in which he alleged that the movant learned about these witnesses after trial and that he could not have known about them beforehand. The supplemental motion was filed out of time and not considered by the trial court. The motion court later found the record conclusively demonstrated that the movant was not entitled to relief. The Western District reversed for an evidentiary hearing, stating:

> An evidentiary hearing may reveal that defendant had not informed his counsel before trial of the alibi he now claims in his Rule 29.15 motion, or it may reveal that counsel had well-founded strategic reasons for not calling the alibi witnesses. Without an evidentiary hearing, however, with the court's findings thereon, we deal in speculation and conjecture.

*Sublett,* 887 S.W.2d at 621–22. Again, *Sublett* is distinguishable in that the record in this case is clear that defense counsel was aware of Veal's presence before trial, investigated Veal's testimony, and

made a determination his testimony would not aid Movant's defense.

In *Matthews v. State*, the movant claimed defense counsel was ineffective for failing to play a surveillance tape of a drug transaction. The motion court overruled the movant's claim without an evidentiary hearing. The trial record reflected that the movant and defense counsel had a long discussion about whether to play the tape, and despite strong encouragement from the movant and his family, defense counsel chose not to do so. *Matthews*, 175 S.W.3d at 115. This Court held the movant failed to meet his burden of demonstrating he was entitled to an evidentiary hearing, finding that while defense counsel did not state a reason for not playing the surveillance tape, he stated on the record that he made the decision only after discussing the matter at length with the movant. *Id.*

Movant claims that unlike in *Matthews*, there is nothing in the record here to support a showing that defense counsel discussed his decision not to call Veal as a witness with Movant in order to deny him an evidentiary hearing on the issue. While this may be true, Movant failed to raise defense counsel's failure to discuss the issue with him in his Rule 29.15 motion for relief. As such, Movant's reliance on *Matthews* is misplaced.

Another issue not raised in Movant's motion, but which generated concern during oral argument, was to what extent the motion court and a reviewing court could rely upon the unsworn testimony offered by defense counsel at the Rule 29.07(b)(4) inquiry. This concern was discussed in *Payne v. State*, 943 S.W.2d 338 (Mo.App. E.D.1997). In *Payne*, the movant expressed extreme dissatisfaction with defense counsel at the Rule 29.07(b)(4) inquiry regarding his failure to call several witnesses on his behalf. The circuit court asked defense counsel why the witnesses were not called, and defense counsel offered an explanation.[2] The motion court found the explanation sufficient to deny the movant an evidentiary hearing on his Rule 29.15 motion. *Payne*, 943 S.W.2d at 341–42. The Eastern District affirmed, finding:

> [Movant] does not contend it was erroneous for trial counsel to respond to a question by the trial court at the time of sentencing. Nor does he contend the motion court is not entitled to consider counsel's unsworn answer as part of the record when determining whether the record refutes any factual allegations in the Rule 29.15 motion. The issue regarding the propriety of trial counsel answering the question, while still representing defendant, is not before this court. Certainly, the attorney's answer is not a matter of sworn testimony, but it is presumptively a truthful answer. Moreover, the answer would certainly be the same in the event of an evidentiary hearing.

*Id.* at 342.

An attorney is an officer of the court who is bound by the rules of professional conduct. Rule 4–3.3(a)(1) states an attorney "shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Hence, defense counsel had a duty to answer the circuit court truthfully when asked why he decided not to call Veal as a witness despite being unsworn at the Rule 29.07 inquiry.

Of course, the attorney's statements in the Rule 29.07 inquiry are not made under oath or subject to cross-examination, nor would the movant have the benefit of inde-

---

**2.** The opinion does not state what explanation defense counsel offered.

pendent counsel at the Rule 29.07 inquiry. Therefore, if in his or her post-conviction motion the movant raises a question of fact as to the accuracy of defense counsel's claims of reasonable trial strategy, and if the other requirements for an evidentiary hearing are met, the movant may be entitled to an evidentiary hearing on the issue. That did not occur here, however.

 Having recognized that the issue of whether Movant is entitled to an evidentiary hearing on a claim of ineffective assistance of counsel pursuant to Rule 29.07(b)(4) is different from an evaluation of an ineffectiveness claim on the merits, we turn to the merits of Movant's claim. To prevail on a claim of ineffective assistance of counsel for failure to call a witness, the movant must demonstrate: "1) [t]rial counsel knew or should have known of the existence of the witness; 2) the witness could be located through reasonable investigation; 3) the witness would testify; and 4) the witness's testimony would have produced a viable defense." *Worthington v. State*, 166 S.W.3d 566, 577 (Mo. banc 2005). "Counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise." *Williams v. State*, 386 S.W.3d 750, 753 (Mo. banc 2012) (quoting *Hutchison v. State*, 150 S.W.3d 292, 304 (Mo. banc 2004)).

 Defense counsel's decision to not produce Veal as a witness did not rise to the level of ineffectiveness under *Strickland*. Movant has not asserted any factual allegations in his post-conviction relief motion that contradict or rebut defense counsel's stated reasons for choosing not to produce Veal as a witness that would entitle him to an evidentiary hearing. Movant has not put forth any facts demonstrating defense counsel was untruthful, mistaken,

or unreasonable when stating on the record that he did not like what Veal had to say and therefore, he did not call him to testify because he would not aid Movant's defense. Even if Veal's testimony could offer some value to Movant, he has not presented any facts negating that defense counsel determined otherwise after investigating him. "It is not ineffective assistance of counsel for an attorney to pursue one reasonable trial strategy to the exclusion of another, even if the latter would also be a reasonable strategy." *Clayton v. State*, 63 S.W.3d 201, 207–08 (Mo. banc 2001).

Moreover, Movant cannot demonstrate prejudice from any alleged error in that Veal's testimony would not have provided a viable defense to the charge that occurred at Mother's home in the City of St. Louis or to the uncharged conduct. Not only was Veal a close friend of Mother's and Victim's godfather, but Mother also testified Veal stated "he was always in his room" when Movant babysat Victim. The motion court did not clearly err in denying this claim without an evidentiary hearing.

### Failure to Object during Voir Dire

 Movant next claims the motion court clearly erred when it denied his post-conviction relief motion without an evidentiary hearing because defense counsel was ineffective for failing to object to the prosecutor's questioning of the venire panel, which he alleges sought a commitment as to how prospective jurors would treat certain evidence. The motion court found there was nothing prejudicial or otherwise inappropriate about the prosecutor's questions because they were intended to flesh out potential prejudice and bias.

 "[A]rgument or a presentation of the facts in explicit detail during voir dire is inappropriate." *State v. Baumruk*,

280 S.W.3d 600, 614 (Mo. banc 2009) (quoting *State v. Clark*, 981 S.W.2d 143, 146 (Mo. banc 1998)). Similarly, counsel may not attempt to elicit a commitment from jurors about how they would react to hypothetical facts or seek to predispose jurors to react a certain way to anticipated evidence. *Clark*, 981 S.W.2d at 146. "However, a revelation of some portion of the facts of a case during voir dire is necessary to ascertain whether a potential juror's views would substantially impair his [or her] ability to be impartial and perform his [or her] duties in accordance with the court's instructions." *White v. State*, 939 S.W.2d 887, 899 (Mo. banc 1997).

Movant alleges defense counsel failed to object to a litany of questions posed by the prosecutor to the potential venire panel asking whether the potential jurors could return a verdict under certain circumstances. These questions included whether the jurors would: (1) require physical evidence to be present in order to convict; (2) need more than testimonial evidence; (3) need to hear from more than one eyewitness; (4) discount the credibility of the state's witnesses who were police officers; (5) discount the credibility of a child victim who delayed reporting the incident; (6) require more than touching with a hand or finger only; and (7) require evidence of injury to convict.

The prosecutor's questions elicited little to no response from the venire panel when posed. Moreover, these are common questions asked during criminal trials and have been upheld routinely as an appropriate means of rooting out bias and prejudice that would impair a potential juror's ability to perform his or her duties. *See State v. McCain*, 845 S.W.2d 99, 101 (Mo.App.E.D. 1993) (upholding prosecutor inquiry whether jurors would be able to make a decision about guilt or innocence based on testimonial evidence alone in the event that no physical evidence was presented); *State v. Spidle*, 967 S.W.2d 289, 291 (Mo.App.W.D. 1998) (upholding questions regarding whether panelists could find defendant guilty on the basis of one child eyewitness in sex abuse case); *State v. Scott*, 298 S.W.3d 913, 916 (Mo.App.E.D.2009) (stating permissible to question venire panel whether they believed police officer would lie during testimony to identify a pro-police bias); and *State v. Ezell*, 233 S.W.3d 251, 253 (Mo.App.W.D.2007) (holding proper to inquire regarding child victim delaying reporting molestation for nearly a year because it was critical fact defendant should and would repeatedly emphasize to attack victim's credibility).

The question that elicited the strongest reaction from the venire panel was whether it could convict Movant based upon the sole eyewitness testimony of a three-year-old child. Several jurors expressed concern about Victim's age and whether they would believe her testimony. Eight jurors indicated they wanted to hear from more witnesses, needed more evidence, or could not believe a child so young because she was either coached, confused, or flat-out lying.[3] Five other jurors indicated they

---

3. One juror said she would want to hear from a child psychologist because she "wouldn't just take what [Victim] said ... I would need more." The same juror thought Victim "may not remember detail by detail and it could be something that was made up in her head...." Another juror stated he felt "the child could have been coached to say whatever it is she had to say about it." A third juror indicated, "there might be a problem" and "you never know what is going on with them." A fourth juror stated she would need more evidence or another witness instead of just a three-year-old child, even though she believed "a three year old is trying to tell the truth with what they think happened ... I think they can be swayed a lot by adults on what they think could have happened." A fifth juror stated, "a little more evidence would be nice." A sixth juror indicated that

would be able to listen to a young child and return a verdict based on her testimony if they found her sincere and there was enough evidence presented.[4]

■■■ "An insufficient description of the facts jeopardizes appellant's right to an impartial jury." *Clark*, 981 S.W.2d at 147 (quoting *State v. Antwine*, 743 S.W.2d 51, 58 (Mo. banc 1987)). "Therefore, some inquiry into the critical facts of the case is essential to a defendant's right to search for bias and prejudice in the jury who will determine guilt and mete out punishment." *Id.* "A case involving a child victim can implicate personal bias and disqualify prospective jurors." *Id.*

It is evident from the diverse responses to this question that the prosecutor correctly surmised the potential jurors held strong beliefs, cutting in favor of both parties, about Victim's credibility given her tender age. This potential bias and prejudice was critical to unearth given that the crux of the state's case turned on the jury's assessment of Victim's credibility. Thus, the question was appropriate, and defense counsel cannot be deemed ineffective for failing to object to the prosecutor's appropriate line of questioning. Any objection lodged by defense counsel would have been non-meritorious. *Forrest v. State*, 290 S.W.3d 704, 714 (Mo. banc 2009). Moreover, had defense counsel objected to this particular question, he may have done a disservice to Movant given the range of responses offered. The motion court did not clearly err in denying this claim without an evidentiary hearing.

## Failure to Present Evidence of Prior Allegations

■■■ Movant claims the motion court clearly erred when it denied Movant's postconviction relief motion without an evidentiary hearing because defense counsel was ineffective for failing to introduce evidence of Victim's prior sexual abuse allegation. Movant argues the motion court failed to recognize the multiple ways this evidence could have been used or presented when it denied his claim. Specifically, Movant argues this evidence would serve to impeach Victim and Mother and to rebut the state's closing argument regarding Victim's veracity.

The prosecutor offered an oral pretrial motion in limine seeking to prevent defense counsel from asking any questions or making any suggestions regarding a prior sexual abuse allegation made by Victim. The prosecutor said the prior allegation was irrelevant "since it hasn't been proven false." Defense counsel agreed the prior allegation had not been proven false. Defense counsel stated, "I looked up the Western District case and the defense attorney tried to bring out . . . prior accusations with someone else, and try to show that the victim knew vocabulary, and because of that . . . the Western District

---

she babysat two- and three-year-olds and "I know they fib all day long . . . and I could believe a three year old would lie." A seventh juror said he would have to have more evidence. An eighth juror stated she had a family member claim to experience something similar and later recanted, so she would "need more than what the child says."

4. One juror, who served on a previous child sex abuse case, stated, "If there is enough evidence I could believe her." Another juror characterized himself as "very adamant about child abuse and child neglect" and "would probably tend to believe her if she was sincere in what she was saying." A third juror said she could base her verdict on one child eyewitness. A different juror who worked at a daycare with two-, three-, four-, and five-year-olds stated, "You really have to believe them and listen to them with everything that they tell you because we have taught them everything that they do." A final juror said she would listen to the child.

basically said it's Rape Shield, and the defense attorney could not bring that up.... So I wasn't planning—I looked it up. I don't try to breach what the law is." The motion court determined this evidence would have been inadmissible and defense counsel could not be ineffective for failing to produce inadmissible evidence. .

The trial transcript contains scant detail regarding the circumstances surrounding this prior allegation, other than the parties' agreement that it had not been proven false. It is undisputed that Victim made some prior sexual abuse allegation, but this allegation would not be admissible at trial except under limited circumstances. Section 491.015, commonly referred to as the "rape shield" statute, creates a presumption that evidence of a victim's prior sexual conduct is irrelevant. *State v. Brown*, 636 S.W.2d 929, 933 (Mo. banc 1982); *State v. Smith*, 314 S.W.3d 802, 807 (Mo.App.E.D.2010). Section 491.015.1(1) to (4) lists four exceptions to the presumption and recognizes that, in limited circumstances, prior sexual conduct may be relevant. *Id.* Movant concedes that none of the enumerated exceptions applies here. There was also no allegation that Victim had precocious sexual knowledge that needed to be rebutted or explained, as in *State v. Samuels*, 88 S.W.3d 71 (Mo.App.W.D.2002). Further, Movant failed to demonstrate the prior accusation was false or that he could have laid the foundation for proving it was false, and thus admissible under *State v. Long*, 140 S.W.3d 27 (Mo. banc 2004).

This evidence would have been inadmissible, and defense counsel cannot be found ineffective for failing to offer inadmissible evidence. *McLaughlin*, 378 S.W.3d at 346. Further, Movant's post-conviction relief motion failed to allege any facts, beyond those presented at trial, surrounding the prior allegation that would shed light on how defense counsel's failure to offer this inadmissible evidence prejudiced Movant. The motion court did not clearly err in denying this claim without an evidentiary hearing.

### Prosecutorial Misconduct

██ Finally, Movant alleges the motion court clearly erred when it denied his postconviction relief motion without an evidentiary hearing because the record demonstrates the prosecutor committed misconduct by arguing matters the circuit court excluded at the prosecutor's request. Specifically, Movant alleges the prosecutor sought to exclude evidence of Victim's prior sexual abuse allegation but later allegedly used the absence of that evidence during closing argument to bolster Victim's credibility. The motion court found the prosecutor did not argue to the jury that evidence did not exist when it did or that witnesses and evidence it knew existed did not exist. Rather, the motion court stated the prosecutor made a general statement about behaviors and other characteristics of a young sexual abuse victim.

██ Rule 29.15 is not a substitute for direct appeal. *State v. Carter*, 955 S.W.2d 548, 555 (Mo. banc 1997). "Claims of trial error will only be considered in a Rule 29.15 motion where fundamental fairness requires, and then, only in rare and exceptional circumstances." *Tisius v. State*, 183 S.W.3d 207, 212 (Mo. banc 2006). Generally, freestanding claims of prosecutorial misconduct raised in a Rule 29.15 pleading are not cognizable if the alleged misconduct was apparent at trial. *Id.*

The prosecutorial misconduct that Movant complains of in his post-conviction motion was apparent at trial. The prosecutor's comments during closing argument were recorded as part of the trial transcript provided to Movant for preparation of his direct appeal. As such, this claim is

332

not cognizable under a Rule 29.15 motion. To the extent the motion court considered the merits of Movant's prosecutorial misconduct claim, it did not clearly err in denying this claim without an evidentiary hearing after concluding the prosecutor's conduct was appropriate.

## Conclusion

Movant's motion for post-conviction relief failed to allege facts not refuted conclusively by the record to support his claims for ineffective assistance of counsel. The motion court's judgment overruling Movant's claims without an evidentiary hearing is affirmed.

All concur.