DON E. BURRELL, P.J.
*610 Joseph V. Williams ("Movant") was serving sentences totaling 734 years in the Department of Corrections ("DOC") when a jury found him guilty of a class B felony for punching a DOC employee in the face. See section 217.385.[1] The trial court added another 15 years to the existing 734, and we affirmed the conviction and sentence in State v. Williams , 375 S.W.3d 920 (Mo. App. S.D. 2012).[2] After the same judge later denied his amended Rule 29.15[3] motion for post-conviction relief ("the motion"),[4] Movant timely filed this appeal, claiming in a single point relied on that his trial counsel[5] was ineffective for failing to object to Movant appearing at his trial in an orange jail uniform and visible handcuffs and leg shackles (collectively, "jail clothing"). Finding no merit in the claim, we affirm.
To prevail on his ineffective-assistance of-counsel ("IAC") claim, Movant must "show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced." Klarr v. State , 530 S.W.3d 637, 639 (Mo. App. S.D. 2017) (internal quotation omitted); see also Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We presume that the motion court's decision was correct, and we may reverse it only if we determine that its supporting findings of fact and conclusions of law are clearly erroneous. Forrest v. State , 290 S.W.3d 704, 708 (Mo. banc 2009) ; Rule 29.15(k).
Movant took the stand in his criminal trial and freely admitted that he knowingly struck the DOC employee with his fists. The assault was also captured on videotape. When trial counsel asked Movant if he wanted "to be found guilty or not guilty[,]" he responded:
Personally, I'm never getting out of prison. I'm going to die in prison. I've come to that realization years ago. So it would be better to be found guilty so I can file an appeal, possibly take another road trip up here, enjoy, you know, all the amenities afforded to me by this county jail, you know, and break the humdrum of everyday prison life.
Movant now claims that appearing before the jury in jail clothing-without adequate justification-was inherently prejudicial, and a reasonably competent attorney would have objected to it.
The motion court found that it was reasonable trial strategy for trial counsel not to object to Movant's appearing in jail clothing during the trial based upon, among other things, the following portion of Movant's motion-hearing testimony:
[Motion counsel:] Okay. And you actually did testify at your trial in your own defense?
*611 [Movant:] Yes.
[Motion counsel:] Okay. And why did you testify?
[Movant:] Well, [trial counsel] thought that it would be a good idea with his strategy for me to, you know, basically get up there and tell everybody that I got all this prison time and it doesn't matter what happens in court. You know, just the whole thing was to make the jury feel as if this trial was pointless. It was wasting the tax payer's time, their money, the jurors' time. You know, the whole thing and purpose was because of the sentence that I'm serving. That was mostly a purpose for me getting up there like that.
We begin our analysis with a strong presumption that trial counsel's conduct was reasonable and effective. McIntosh v. State , 413 S.W.3d 320, 324 (Mo. banc 2013). To overcome that presumption, Movant must show "specific acts or omissions of counsel that, in light of all the circumstances , fell outside the wide range of professional competent assistance." Id. (emphasis added; internal quotation omitted). A decision of trial strategy will only form the basis for IAC if the decision is unreasonable. McLaughlin v. State , 378 S.W.3d 328, 337 (Mo. banc 2012).
Movant's argument on appeal mistakenly relies primarily upon the statement in Deck v. Missouri that the State cannot, without adequate justification, order the defendant to wear shackles visible to the jury, and if it does, the defendant need not demonstrate actual prejudice to make out a due process violation. 544 U.S. 622, 623, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005). Even if this direct-appeal principle could be appropriately applied to Movant's IAC claim, the distinction between the instant case and Deck is obvious. Deck's counsel objected three times to his client's shackling-before, during, and after voir dire -and was overruled each time. Id . at 625, 125 S.Ct. 2007. Here, neither Movant nor trial counsel raised any such objection.
Movant was charged with committing his crime while in prison, and the assault was captured on a videotape that would inevitably be played for the jury. "No prejudice can result from seeing that which is already known." Estelle v. Williams , 425 U.S. 501, 507, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (quoting United States ex rel. Stahl v. Henderson , 472 F.2d 556, 557 (5th Cir. 1973) ). Trial counsel decided to address Movant's ongoing incarceration during voir dire to ferret out and have excused for cause any potential jurors who would be unable to fairly decide the case due to Movant's incarceration.
That having been accomplished, and faced with limited options, trial counsel decided to inform the jury that, regardless of what happened at the trial, Movant would spend the rest of his life in prison. The hope was that doing so would elicit either jury sympathy or nullification. In pursuit of that strategy, Movant appeared in jail clothing and told the jury that he was currently serving a 734-year sentence and had "[p]retty much" exhausted all of his appeals.[6]
*612 Consequently, the courts have refused to embrace a mechanical rule vitiating any conviction, regardless of the circumstances, where the accused appeared before the jury in prison garb. Instead, they have recognized that the particular evil proscribed is compelling a defendant, against his will, to be tried in jail attire. The reason for this judicial focus upon compulsion is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury[.]
Estelle , 425 U.S. at 507-08, 96 S.Ct. 1691.
The "not uncommon" tactic mentioned in Estelle was employed here. The motion court did not clearly err in finding that trial counsel's decision not to object to Movant appearing before the jury in jail clothing was a reasonable trial strategy in light of all the circumstances.
Movant's point is denied, and the decision of the motion court is affirmed.
NANCY STEFFEN RAHMEYER, C.J.-CONCURS
GARY W. LYNCH, J.-CONCURS

Unless otherwise noted, all statutory references are to RSMo 2000.

We grant the State's request to take judicial notice of our own court file in this case. Hodge v. State , 749 S.W.2d 423, 424 (Mo. App. S.D. 1988) (proper action for court to take judicial notice of the transcript from the original file and its own file in the case).

Unless otherwise noted, all rule references are to Missouri Court Rules (2018).

We have independently verified the timeliness of the motion as required by Moore v. State , 458 S.W.3d 822, 825 (Mo. banc 2015). Movant timely filed his pro se motion for post-conviction relief on December 27, 2012, and his amended motion on March 21, 2013.

We will refer collectively to the two attorneys who represented Movant at trial as "trial counsel."

The record also reveals that Movant was not dissatisfied with trial counsel's decision not to object to Movant appearing before the jury in jail clothing. When the trial court asked Movant, after the close of the evidence, if he was satisfied with trial counsel's representation, Movant responded, "Yes, I am." Movant added that trial counsel had not refused to do anything that Movant had asked for, and Movant affirmatively indicated that he did not have any complaints to voice about their performance. The motion court was free to disbelieve Movant's subsequent hearing testimony that he did not want to appear at trial in prison clothes. See Wilkins v. State , 308 S.W.3d 778, 783 (Mo. App. S.D. 2010).