

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

COREY MCCLENDON,      )      No. ED109767

     )

         Appellant,      )      Appeal from the Circuit Court

     )      of St. Louis County

vs.      )

     )      Honorable John N. Borbonus

STATE OF MISSOURI,      )

     )

         Respondent.      )      FILED: August 9, 2022

## Introduction

Corey McClendon ("McClendon") appeals following the denial of his Rule 29.15[1] motion to set aside his convictions on two counts of forcible sodomy and one count of kidnapping. In his sole point on appeal, McClendon claims he was denied effective assistance of counsel because trial counsel did not object when, in closing argument, the State asked the jury to return guilty verdicts to support the victim. McClendon claims prejudice asserting that the trial court would have sustained such objection, and that the jury likely returned a guilty verdict out of an emotional response to the improper closing argument as a direct result of trial counsel's failure to object. Because trial counsel engaged in a reasonable trial strategy when choosing not to object during the State's closing argument, McClendon cannot prevail on his claim of ineffective assistance of counsel. Accordingly, we affirm the motion court's judgment.

---

[1] All Rule references are to Mo. R. Civ. P. (2020), unless otherwise indicated.

Factual and Procedural History

On December 28, 2011, McClendon sexually assaulted a fourteen-year-old boy ("C.M."). C.M. reported the assault to police and was taken to a hospital, where physical evidence was collected and preserved in a rape kit. C.M. could not identify his attacker in a photographic lineup, but investigators matched DNA preserved in the rape kit to McClendon through the Combined DNA Index System. The State charged McClendon with two counts of forcible sodomy and one count of kidnapping. The case proceeded to trial and the State said the following during its closing argument:

> **[THE STATE]:** It's time to decide. Either it happened or it didn't happen. There is no in between. This jury knows it happened, and it knows that [McClendon] did it. There is plenty of evidence for that. Let [C.M.] know he was right to run straight to the police station and tell what happened. Let him know that it was okay that he was honest about everything that happened, and even when he sat here and said, I don't know. I can't pick out who did it.
>
> Your job may not be easy. [C.M.] was not counting on you to do what is easy. He is counting on you to do what is right and find this man, whose DNA was located in [C.M.'s] rectum, finding this man guilty on all counts. Thank you.

Trial counsel did not object to the above statement.

The jury convicted McClendon on all counts. The trial court sentenced McClendon to concurrent life sentences for each of the two counts of forcible sodomy, consecutive with a sentence of ten years imprisonment for kidnapping. McClendon appealed from the judgment and we affirmed his convictions in State v. McClendon, 467 S.W.3d 395 (Mo. App. E.D. 2015).

McClendon then moved for postconviction relief. McClendon raised two claims of error, alleging (1) trial counsel failed to investigate and present a witness at trial, and (2) trial counsel failed to object to the State's closing argument. The motion court held an evidentiary hearing, where trial counsel's deposition was introduced into evidence. Trial counsel testified that her theory of the defense was that McClendon was misidentified as C.M.'s abuser. Trial counsel

explained that when deciding whether or not to make objections to closing argument, she considered whether the statement at issue had an impact on her defense theory. If the statement did not hurt the defense, then she did not believe lodging an objection was worthwhile. Further, trial counsel testified regarding the State's closing argument:

> **[TRIAL COUNSEL]:** I did not believe that actually had any significance on our defense, because, as I stated in my closing, and I believe as I stated even in my opening, there wasn't going to be a question as to whether or not the child had been violated. There was no question as to whether or not he was a victim. I referred to him as a victim I believe quite often, because we weren't trying to make the jury decide whether or not this was somebody telling the truth. In fact, I believe he had been quite truthful the entire time to the best of his ability, and so I did not find that those statements went against our defense or against [McClendon] at the time.

The motion court found trial counsel's decision not to object was reasonable trial strategy and that any objection would not have been meritorious or affect the outcome of the proceeding. The motion court subsequently denied the motion.

McClendon previously appealed from the denial of his Rule 29.15 motion. We did not reach the merits of his appeal because the motion court did not conduct an abandonment inquiry when McClendon's first postconviction counsel failed to timely file the amended motion. See McClendon v. State, 617 S.W.3d 530, 533 (Mo. App. E.D. 2021). On remand, the motion court conducted a hearing, found that McClendon had been abandoned and accepted the amended motion as timely filed. The motion court issued new findings and conclusions, again denying McClendon's amended motion. This appeal follows.

Point on Appeal

In his sole point on appeal, McClendon charges the motion court erred in denying his Rule 29.15 motion because his trial counsel was ineffective for not objecting to the State's closing argument that the jury should return guilty verdicts to support the victim. Specifically, McClendon claims prejudice because the trial court would have sustained the objection if made,

and it is reasonably likely that the jury would not have returned a guilty verdict but for its emotional response to the State's improper statements made during closing argument.

## Standard of Review

We review a motion court's denial of a Rule 29.15 motion to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Bryan v. State, 644 S.W.3d 306, 310 (Mo. App. S.D. 2022) (citing Williams v. State, 168 S.W.3d 433, 439 (Mo. banc 2005)); see also Rule 29.15(k). "We will find clear error only if a full review of the record leaves us with a definite and firm impression that a mistake has been made." Id. (internal citations omitted). "We 'view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment.'" Id. (citing Hardy v. State, 387 S.W.3d 394, 399 (Mo. App. S.D. 2012)). We presume the motion court's findings are correct and defer to the motion court's determinations as to the credibility of witnesses. Id.; see also Shockley v. State, 579 S.W.3d 881, 892 (Mo. banc 2019) (internal citations omitted).

## Discussion

### I. The Strickland[2] Standard for Ineffective Assistance of Counsel

"To state a claim for ineffective assistance of counsel, the movant must allege facts 'demonstrating: (1) that [trial] counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) that [trial] counsel's deficient performance actually prejudiced the movant.'" McLemore v. State, 635 S.W.3d 554, 559 (Mo. banc 2021) (citing Booker v. State, 552 S.W.3d 522, 531 (Mo. banc 2018)). If a movant

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

4

demonstrates only deficient performance or only prejudice, but not both, the movant's claim fails. Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009).

Under the performance prong, "[a] movant must overcome the strong presumption [that trial] counsel's conduct was reasonable and effective." McIntosh v. State, 413 S.W.3d 320, 324 (Mo. banc 2013) (internal citation omitted). "To overcome this presumption, a movant must identify 'specific acts or omissions of [trial] counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance.'" Id. (citing Zink, 278 S.W.3d at 176).

"To establish Strickland prejudice, 'a movant must show a reasonable probability that, but for [trial] counsel's errors, the outcome would have been different.'" Beck v. State, 637 S.W.3d 545, 552 (Mo. App. W.D. 2021) (citing Hoeber v. State, 488 S.W.3d 648, 655 (Mo. banc 2016)). A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id.

## II.     Point One—No Ineffective Assistance of Trial Counsel

With regard to McClendon's claims, we first note that "[a]n attorney's failure to object during closing arguments only results in ineffective assistance of counsel if it prejudices the accused and deprives him of a fair trial." Barton v. State, 432 S.W.3d 741, 754 (Mo. banc 2014) (citing Zink, 278 S.W.3d at 187). Equally important, the decision of whether or not to object is a matter of trial strategy. Id.; Harding v. State, 613 S.W.3d 522, 532–33 (Mo. App. E.D. 2020). "To prevail on a claim that counsel was ineffective for failure to object at closing argument, a movant must prove that the failure to object was not a matter of trial strategy and that the failure to object was prejudicial." Barton, 432 S.W.3d at 754. "The failure to object alone, even to objectional arguments, does not establish ineffective assistance." Harding, 613 S.W.3d at 533 (internal citation omitted).

"In many instances seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes. It is feared that frequent objections irritate the jury and highlight the statements complained of, resulting in more harm than good." Deck v. State, 381 S.W.3d 339, 356 (Mo. banc 2012) (internal citation omitted); see also Hosier v. State, 593 S.W.3d 75, 92 (Mo. banc 2019) (internal citation omitted). We presume "that any challenged [decision] was a part of counsel's sound trial strategy." Barton, 432 S.W.3d at 749 (citing Johnson v. State, 333 S.W.3d 459, 463 (Mo. banc 2011)). "Moreover, because the jury is instructed that the lawyers' arguments are not evidence, prejudice is unlikely to result from the failure to object to statements made in closing argument." Barton, 432 S.W.3d at 754.

McClendon challenges any claim of reasonable trial strategy and maintains that he was prejudiced when trial counsel failed to object to the State's closing argument. McClendon asserts the State mischaracterized the evidence in a way that was not reasonable and the jury returned a guilty verdict out of an emotional response not premised upon the evidence. Specifically, McClendon contends the State suggested in its closing argument that McLendon was challenging C.M.'s testimony and credibility, and that this challenge confused the jury and elicited an emotionally-charged verdict. We disagree.

The record shows that the State's closing argument did not suggest McClendon was challenging the credibility of C.M.'s testimony. Trial counsel testified that she understood the State was asking the jury in its closing argument to believe C.M.'s testimony regarding the assault, *which included the fact that C.M. could not identify McClendon as the perpetrator*. At the evidentiary hearing, trial counsel testified that her defense of McClendon accepted that C.M. was indeed a victim of the charged crimes, but that McClendon was not the perpetrator. Trial counsel testified that the State's closing argument, in this respect, did not conflict with trial

6

counsel's defense theory. It is well established that trial counsel may strategically decide to not object during closing argument. Our courts have noted that objections by counsel may "highlight the statements complained of, resulting in more harm than good." Deck, 381 S.W.3d at 356 (internal citation omitted). We agree with trial counsel that her theory of defense was not harmed by the State's closing argument. In so concluding, trial counsel exercised reasonable strategy in not objecting to that portion of the closing argument. See id.

We presume that trial counsel's failure to object was a part of her trial strategy, and McClendon has not overcome that presumption. See Barton, 432 S.W.3d at 749 (citing Johnson, 333 S.W.3d at 463). Accordingly, the motion court did not err in finding that McClendon did not meet his burden of proving that trial counsel's failure to object was not a matter of reasonable trial strategy. See id. at 754.

Because trial counsel's decision not to object to the State's closing argument was part of a reasonable trial strategy, her performance was not deficient under Strickland. See id.; see also McIntosh, 413 S.W.3d at 324. Because trial counsel's performance was not deficient, we need not analyze the prejudice prong. Zink, 278 S.W.3d at 175. Accordingly, the motion court did not clearly err in denying McClendon's Rule 29.15 amended motion. See Bryan, 644 S.W.3d at 306 (citing Williams, 168 S.W.3d at 439). Point One is denied.

## Conclusion

The judgment of the motion court is affirmed.

_____
KURT S. ODENWALD, Judge

Lisa P. Page, P.J., concurs.
Thomas C. Clark II, J., concurs.